614 So.2d 54 (1993)
Duncan SMITH
v.
UNR HOME PRODUCTS, et al.
No. 92-C-3199.
Supreme Court of Louisiana.
February 5, 1993.
PER CURIAM.
In this worker's compensation proceeding, it was agreed between the parties that the case would be bifurcated and that the sole issue to be tried at the first hearing would be the issue of whether or not the claimant sustained a job-related accident resulting in injuries within the contemplation of the Worker's Compensation Act. All other issues, including disability, were reserved for trial at a later time. After the hearing, the hearing officer found that the claimant sustained his burden of proving that he suffered a job-related accident within the contemplation of the Worker's Compensation Act. The defendant appealed and the court of appeal reversed, finding that the claimant failed to prove by a preponderance of the evidence that he suffered an on-the-job accident and dismissed plaintiff's claim. 607 So.2d 898 (3d Cir. 1992).
The plaintiff applied for writs, contending that the court of appeal erred in reversing the decision of the hearing officer whose findings were supported by the evidence and were not clearly wrong.
In its opinion, the court of appeal noted as "highly significant" the plaintiff's failure to offer any medical evidence in support of his claim. The court noted that medical evidence is certainly pertinent to the inquiry where the issue is whether the plaintiff sustained an accident as opposed to a degeneration or deterioration. Plaintiff urges in his application that he did offer medical evidence which apparently was not included in the appellate record. The problem in regard to medical evidence may be due in part to the bifurcated and limited nature of the hearing before the hearing officer and the limited record presented to the court of appeal because of the appeal taken from the interlocutory ruling of the hearing officer.
Neither the Code of Civil Procedure nor the Worker's Compensation Act contemplate appeals from limited findings of hearing officers such as involved in this case. Ordinarily, appeals are from final judgments. LSA-C.C.P. Art. 2083. LSA-C.C.P. Arts. 1915A(5) and 1562 allow separate trials on the issues of "liability and damages" and an appeal from a judgment on the issue of liability when that issue has been tried separately by the court. These provisions, however, do not apply to worker's compensation actions, which do not precisely involve "liability and damages." Further, the order rendered by the hearing officer in this case, although finding the occurrence of an on-the-job accident, stopped short of finding liability on the part of the defendant.
LSA-R.S. 23:1310.5 contemplates an appeal from a final decision by the hearing *55 officer upon completion of the required evidentiary hearing or hearings. Piecemeal appeals go counter to the new worker's compensation procedures which are designed to allow the hearing officer to "decide the merits of the controversy as equitably, summarily and simply as may be." LSA-R.S. 23:1317(A). The new procedures are designed to speed up the adjudicative process, not to prolong and complicate it by partial judgments and multiple appeals.
Thus, we conclude that the appeal in this case was premature; the order appealed was not an appealable judgment. The lack of a fully developed evidentiary record, including medical evidence, and the lack of findings by the hearing officer on the intertwined issues of accident, causation and disability undoubtedly hampered the court of appeal in its review of the limited finding of the hearing officer on the issue of the occurrence of an on-the-job accident.
For these reasons, we grant the writ application, reverse and set aside the decision of the court of appeal, and remand the matter to the hearing officer for the completion of the evidentiary hearing and decision of all issues presented by this worker's compensation claim.
REVERSED AND REMANDED.
CALOGERO, C.J., not on panel.