STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 04-1633


CATHY E.  CORBELLO

VERSUS

ISLE OF CAPRI CASINO


************

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION,
DISTRICT 2, NO.  04-00453,
HONORABLE CHARLOTTE L.  BUSHNELL

************

OSWALD A. DECUIR
JUDGE

************

Court composed of Oswald A. Decuir, Michael G. Sullivan, and James T. Genovese, Judges.


MOTION TO DISMISS DENIED.

WADE T.  VISCONTE
THE GRAY LAW FIRM
Post Office Box 1467
Lake Charles, LA 70602
(337) 494-0694
COUNSEL FOR ISLE OF CAPRI CASINO

ROBERT T.  JACQUES, JR.
Post Office Box 1883
Lake Charles, LA 70602
(337) 433-4574
COUNSEL FOR CATHY E.  CORBELLO

DECUIR, Judge.

This is a workers' compensation proceeding instituted by the claimant, Cathy E. Corbello. On May 12, 2004, the claimant filed a "Motion for Rule to Show Cause Why Employer Should Not Comply with La. R.S. 23:1201.1." On August 25, 2004, the trial court heard the above referenced motion, and on September 13, 2004, the trial court signed a judgment granting the motion, ordering that all benefit checks be sent to claimant's attorney, and ordering defendant to pay 10% of all wage benefits owed to claimant for the benefits covering January 22, 2004 through July 13, 2004. The judgment also granted the claimant's motion for an expedited trial, and set a trial date of November 29, 2004.

On October 13, 2004, the defendant filed a motion and order of appeal from the September 13, 2004 judgment. After the appeal was lodged with this court, the claimant filed a motion to dismiss the appeal contending the judgment is not a final appealable judgment as it decided only preliminary matters. The defendant filed an opposition to the motion to dismiss asserting the judgment is a partial final judgment, or alternatively, requesting that this court convert the appeal to a supervisory writ.

The issue presented, whether a judgment ordering a defendant to pay 10% of wage benefits for its failure to comply with La.R.S. 23:1201.1 is a final judgment under La.Code Civ.P. art. 1915, appears to be res nova. In *Rhodes v. Lewis*, 2001-1989 (La. 5/14/02), 817 So.2d 64, the Supreme Court addressed La.Code Civ.P. art. 1915(A) in the context of workers' compensation actions, however, the court addressed only two subparagraphs of said article. The judgment at issue in *Rhodes* found the claimant was in the course of scope of employment at the time of the accident, and found the claimant to be an employee of Ralph Lewis and not two other entities. Thus, the judgment found the two other entities were not liable for workers' compensation benefits. The other issues in the case were reserved for trial at a later date. The claimant appealed.

This court dismissed the appeal and remanded the case for a hearing on the remaining issues. The Supreme Court granted writs to determine whether the judgment was a partial final judgment authorized by La.Code Civ.P. art. 1915. One of the parties argued the judgment fell within La.Code Civ.P. art. 1915(A)(5) which permits a partial final judgment on the issue of liability when that issue has been tried separately. Relying on *Smith v. UNR Home Products*, 614 So.2d 54 (La. 1993), the Supreme Court rejected that argument finding workers' compensation cases do not

precisely involve liability and damages.

The Supreme Court in *Rhodes* also addressed whether the judgment was authorized by La.Code Civ.P. art. 1915(A)(1) as two entities were dismissed. Although the court recognized that *Smith* did not address art. 1915(A), the court stated the underlying workers' compensation provisions cited in *Smith* were applicable in *Rhodes*. After quoting from the relevant workers' compensation provision and *Smith*, the court went on to discuss the purpose of the Workers' Compensation Act and the importance of a speedy resolution to workers' compensation claims. The court then announced its holding that an appeal from a determination of a workers' compensation hearing officer is impermissible under La.Code Civ.P. art. 1915(A)(1).

Although the Supreme Court in *Rhodes* held La.Code Civ.P. art. 1915(A)(1) and (5) are not applicable to workers' compensation actions, *Rhodes* did not address the remaining subparagraphs in art. 1915(A). La.Code Civ.P. art. 1915(A)(6), which was added in 1999, considers a final judgment one which imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G). The judgment at issue, which in essence assessed a penalty for failing to send the benefits checks to the address designated by the claimant, is analogous to a judgment imposing sanctions. Therefore, this court finds the judgment at issue on appeal is a partial final judgment which may be immediately appealed pursuant to La.Code Civ.P. art. 1915(A)(6). Accordingly, the motion to dismiss is hereby denied.

**MOTION TO DISMISS DENIED.**