955 So.2d 273 (2007)
Wilbert L. LEMMONS, Plaintiff-Appellant
v.
GEORGIA PACIFIC CORPORATION, Defendant-Appellee.
No. 42,142-WCA.
Court of Appeal of Louisiana, Second Circuit.
April 18, 2007.
*274 Caldwell & Caldwell, by James D. Caldwell, Tallulah, for Appellant.
Hulburt, Privat & Monrose, Lafayette, by Shannon Seiler Dartez, for Appellee.
Before WILLIAMS, CARAWAY and LOLLEY, JJ.
CARAWAY, J.
Wilbert L. Lemons,[1] appeals a judgment of the Office of Workers' Compensation ("OWC") which granted a partial exception of prescription as to his claims for indemnity benefits. For the following reasons, this appeal of a partial judgment is dismissed for want of jurisdiction and this case is remanded to the OWC.
Lemons was employed by Georgia Pacific Corporation ("GP") in Shreveport as a truck driver commencing in 1983. He alleges that on July 28, 1984, as he worked at the GP lumberyard stacking 100-pound sacks of asphalt, he felt his back "pop" causing him to feel some discomfort. The pain grew steadily worse throughout the day, and that night Lemons went to the hospital where he remained for several days.
Thereafter, GP paid Lemons both indemnity and medical compensation benefits. On or about December 31, 1986, GP paid its last indemnity benefit to Lemons; however, the company continued to pay medical benefits for treatment of Lemons' injury. The timing and extent of these medical payments are not detailed in this record, but apparently continued for many years.
Lemons continued to work for GP until 1996 when he bought his own truck and became an independent truck driver. He worked in Michigan for some time, and in February 2004, slipped on ice while loading his truck and again felt pain in his back. Lemons had an MRI of his back which allegedly showed that the disc he injured while working at GP had bulged and was resting on a nerve. In July 2004, Lemons underwent surgery to correct this problem. He alleges that during this time, he was unable to work much of the time and is now partly disabled as a result of his injuries.
In January 2005, Lemons filed a disputed claim for workers' compensation against GP. He asked for both medical benefits to cover his extensive medical bills and indemnity benefits. GP answered the claim *275 and denied that Lemons was entitled to any further medical or indemnity benefits. In May 2006, Lemons filed an amended claim for compensation, specifically alleging that his 2004 slip and fall aggravated his 1984 injury. In addition to asking for medical and indemnity benefits, Lemons also requested statutory penalties and attorney fees against GP.
On July 20, 2006, GP filed an exception of prescription. Citing La. R.S. 23:1209, this exception was directed solely at Lemons' claim for indemnity benefits, including TTD, SEB, PPD and vocational rehabilitation benefits. The exception came before the Worker's Compensation Judge ("WCJ") for hearing on August 11, 2006. At the hearing, GP's attorney stated:
Medical, for purposes of the exception of prescription, is not at issue. We are going to try the issue of whether or not there was a superceding intervening accident, whether or not further medical treatment would be the liability of Georgia Pacific.
The following exchange also occurred:
WCJ: But you are saying you are not asserting prescription on the medical because medical is continuing to be paid? GP attorney: Medical has continued. This exception of prescription is only on indemnity benefits. TTD, SEB, voc-rehab and anything that goes along with indemnity.
The WCJ heard testimony from Lemons and admitted several depositions into evidence before taking the matter under advisement. On August 17, 2006, the WCJ signed a judgment sustaining the exception of prescription "as to any claim for indemnity benefits" by the claimant. The judgment did not specifically state that it was a partial judgment and it did not include any language under La. C.C P. art.1915 certifying it as suitable for immediate appeal. Lemons filed a motion for a devolutive appeal, and the WCJ granted that motion.
In brief on appeal, GP states:
It is of note that the issue of medical benefits was tried in September 2006. Judgment in that matter was rendered December 4, 2006. A suspensive appeal is pending.
Thus, the judgment in the instant appeal decided only a portion of Lemons' claim for compensation benefitshis right to indemnity benefitsbut did not explicitly state that it was a partial judgment.
La. C.C.P. art.1915 provides, in pertinent part, as follows:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.
* * *
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
* * *
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment *276 shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
* * *
In Rhodes v. Lewis, 01-1989 (La.5/14/02), 817 So.2d 64, the supreme court decided that a party could not take an appeal in a workers' compensation case from a partial final judgment that decided only the employee's right to benefits and did not finally decide the type and amount of benefits owed. The court reaffirmed its holding in Smith v. UNR Home Products, 614 So.2d 54 (La.1993), that La. C.C.P. art. 1915(A)(5) does not apply to workers' compensation proceedings because they do not precisely involve "liability" and "damages." In addition, the court expanded the Smith holding to include other provisions of La. C.C.P. art.1915 such as La. C.C.P. art. 1915(A)(1).
In the instant case, the judgment decided that only part of Lemons' claims have prescribed. This judgment was thus a judgment deciding one issue, not the entire case, and in an ordinary civil case would fall under La. C.C.P. art. 1915(B). The instant judgment was a partial final judgment not certified by the WCJ as suitable for immediate appeal; nor, under Rhodes, is such a procedure contemplated for workers' compensation cases. Lastly, according to the statement in GP's brief, the WCJ has now rendered a final judgment in this matter. All of the issues raised in the instant appeal may be addressed in the appeal from that judgment, assuming that they are properly preserved by appeal or answer.
Accordingly, the instant appeal is dismissed, and this case is remanded, granting leave to the parties to refile the same or additional briefs addressing the issues before us, once the appeal of the entire case is lodged in this court. Costs of this appeal are divided equally between the parties.
APPEAL DISMISSED; CASE REMANDED WITH INSTRUCTIONS.
NOTES
[1] Plaintiff's surname is apparently incorrectly spelled "Lemmons" in the pleadings.