973 So.2d 1 (2007)
Mike FLACH
v.
DIEBOLD, INC.
No. 07-CA-576.
Court of Appeal of Louisiana, Fifth Circuit.
November 7, 2007.
Gregory S. Unger, Attorney at Law, Metairie, Louisiana, for Plaintiff/Appellant.
John J. Rabalais, Deanne B. McCauley, Attorneys at Law, Covington, Louisiana, for Defendant/Appellee.
Panel composed of Judges THOMAS F. DALEY, CLARENCE E. McMANUS, and FREDERICKA HOMBERG WICKER.
FREDERICKA HOMBERG WICKER, Judge.
On this workers' compensation proceeding claimant Michael Flach appeals a judgment granting employer's/defendant's Diebold, Inc.'s exception of prescription as to some indemnity claims. For the following reasons, we dismiss the appeal and remand the case.
Claimant filed his 2006 Disputed Claim for Compensation, form 1008, over three years after the alleged work-accident injury occurred on November 5, 2002. In his disputed claim for compensation, Flach alleged he sustained a hernia. He sought entitlement to statutory penalties and attorneys' fees, as well as permanent partial' disability benefits (PPD) for scarring and disfigurement. Flach later amended his petition seeking entitlement to medical benefits, vocational rehabilitation, and general entitlement to workers' compensation indemnity benefits.
Diebold filed, among other things, an exception of prescription to the claim. It asserted that the claim for indemnity benefits had prescribed on its face, pursuant to La. R.S. 23:1209, because the claimant had not filed the claim within one year after the alleged accident.
In opposition to the exception, Flach argued he met his burden of showing the claim was interrupted by the payment of wages in lieu of compensation when suit was filed within one year, for temporary total disability (TTD) and permanent partial disability (PPD) or three years' for supplemental earnings benefits (SEB). On May 9, 2007, the workers' compensation judge rendered a judgment sustaining *2 the exception as to TTD, PPD, and PTD. She dismissed these indemnity claims with prejudice. She denied, however, the exception as to the claim for SEB. Although she had dismissed some indemnity claims with prejudice, she granted Flach 10 days to amend his claim to more specifically allege any and all indemnity type benefits being requested.
Diebold interprets the judgment as meaning that the trial judge only allowed the claimant to amend insofar as SEB.[1] The judgment, however, did not provide such limitation. In her reasons for judgment, the judge explained that she would allow the claimant to amend his claim for clarification purposes as to all types of indemnity claims. It appears that the judge's intent was simply to clarify the claims Flach was pursuing rather than to reopen the issue of prescription as to those claims that were dismissed.
The judgment, however, does not dispose of all of the workers' compensation claims. The judge did not determine whether there was a work-related injury; the amount of compensation owed, if any; entitlement to attorney's fees; entitlement to medical expenses; and entitlement to rehabilitation.
La.C.C.P. art.1915 lists those situations where the appeal of a partial final judgment is authorized. "[A] judgment that determines the entirety of the merits of the action is appealable under La.Code Civ.Proc. art.2083, but a judgment that only partially determines the merits of the action is a valid partial final judgment (and therefore appealable) only if authorized by [La. C.C.P. art.] 1915." Rhodes v. Lewis, 01-1989 (La. 5/14/02), 817 So.2d 64, 66.
La. C.C.P. art.1915 provides:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not, adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
(6) Imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G).
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment *3 by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
C. If an appeal is taken from any judgment rendered under the provisions of this Article, the trial court shall retain jurisdiction to adjudicate the remaining issues in the case.
Under Article 1915(B), when an exception is sustained to less than all of the claims, demands, issues or theories in an action, the judgment shall not constitute a final judgment unless it is designated as such after an express determination that there is no just reason for delay. In this case, the judgment was not so designated.
In addition, the Louisiana Supreme Court has held that an appeal from a determination of a workers' compensation hearing is impermissible under Article 1915(A)(5) (separate trial of liability), Smith v. UNR Home Products, 614 So.2d 54, 54-55 (La.1993), and Article 1915(A)(1) (dismissal of suit as to less than all parties), Rhodes v. Lewis, 01-1989 (La.5/14/02), 817 So.2d 64, 69.
The Smith court determined the appeal was premature where the employer appealed the finding that the claimant sustained a work-related injury. 614 So.2d at 55. In Rhodes, the court held the appeal was premature when the claimant appealed a determination that two of the three defendants were not liable for workers' compensation benefits. 817 So.2d at 65. Among other things, disability and the amount and type of compensation to which the claimant was entitled were reserved for a later date at trial. Id. In Rhodes, the court found that the underlying rationale of Smith applied to that case.
Relying on the Workers' Compensation ActLSA-R.S. 23:1317(A) and LSA-R.S. 23:1310.5the Smith court opined that piecemeal appeals run counter to the workers' compensation procedure since workers' compensation procedures "are designed to speed up the adjudicative process" rather than "to prolong and complicate it by partial judgments and multiple appeals." 614 So.2d at 54-55. This is because R.S. 23:1310.5 "contemplates an appeal from a final decision by the hearing officer upon completion of the required evidentiary hearing or hearings." Id. And as provided in R.S. 23:1317(A), "[t]he workers' compensation judge shall decide the merits of the controversy as equitably, summarily, and simply as may be." Id.
In Volion v. Baker Heritage, Inc., 97-92 (La.App. 5 Cir. 5/28/97), 695 So.2d 1038, 1038-1039, this court adopted the Smith reasoning to conclude the appeal was premature. In that case, the defendant appealed a ruling which sustained the claimant's assertion that she suffered a work-related injury and ruled she was entitled to worker's compensation benefits. Since the judgment did not determine the extent of her disability or the amount to which she was entitled, it was not appealable.
Recently, the Second Circuit applied the Smith-Rhodes reasoning to a judgment sustaining an exception of prescription that did not decide all claims. Lemmons v. Georgia Pacific Corp., 42,142 (La.App. 2 Cir. 4/18/07), 955 So.2d 273. There, the *4 claimant appealed a judgment that granted the employer's exception of prescription as to the claim for indemnity benefits. The Lemmons court found that the judgment decided only part of the claims had prescribed; it had not been certified as suitable for immediate appeal under Article 1915(B); and, the appeal in that case was not a procedure contemplated by Rhodes for workers' compensation cases. 955 So.2d at 276.[2]
For the foregoing reasons, we hold that the judgment of May 9, 2007 partially, sustaining Diebold's exception of prescription is not a partial final judgment for which the law authorizes an immediate appeal. Accordingly, we dismiss the appeal and remand the case for a decision of all issues presented by this workers' compensation claim.
APPEAL DISMISSED AND CASE REMANDED.
NOTES
[1] Diebold states in brief that the claimant has not yet amended his petition to assert a claim for SEB.
[2] In contrast is a final judgment sustaining an exception of prescription as to the indemnity claims. The Louisiana Supreme Court has considered such an appeal. Winford v. Conerly Corp., 04-1278 (La.3/11/05), 897 So.2d 560, 561, 563.