# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## WCA 16-864


**MELVIN GUIDRY**

**VERSUS**

**LOUISIANA SCRAP METAL RECYCLING**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 13-02967
ADAM C. JOHNSON, WORKERS COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

## SHANNON J. GREMILLION

## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.


**APPEAL CONVERTED TO APPLICATION FOR SUPERVISORY WRIT. WRIT DENIED.**


**Michael Benny Miller**
**Jacqueline B. Manecke**
**Miller & Associates**
**Post Office Drawer 1630**
**Crowley, LA 70527-1630**
**(337) 785-9500**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Melvin Guidry**

**Dennis Ray Stevens**
**Gibbens & Stevens**
**222 W. St. Peter**
**New Iberia, LA 70560**
**(337) 367-8451**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Hartford Insurance Company**
    **Louisiana Scrap Metal Recycling**

**GREMILLION, Judge.**

This court, on its own motion, issued a rule for the appellants, Louisiana Scrap Metal Recycling (Louisiana Scrap) and Hartford Insurance Company (Hartford), to show cause, by brief only, why this appeal should not be dismissed as having been taken from a judgment lacking proper decretal language. Louisiana Scrap and Hartford filed a response to this court's rule. For the reasons expressed below, we convert this appeal into an application for supervisory writ and deny the writ on the merits.

The claimant, Melvin Guidry, initiated this workers' compensation action by filing a Form 1008 with the Office of Workers' Compensation (OWC) on April 17, 2013, against Louisiana Scrap averring that he had sustained an injury in the course and scope of his employment with Louisiana Scrap. Louisiana Scrap filed its Answer to the claim on May 17, 2013. In this pleading, Louisiana Scrap averred, "It is affirmatively alleged that Melvin Guidry has been terminated from employment for cause."

Mr. Guidry filed his Amended Disputed Claim for Compensation on August 2, 2013, adding Louisiana Scrap's workers' compensation insurer, Hartford, as a party defendant. Louisiana Scrap filed an Amended Answer on September 26, 2013, and Louisiana Scrap and Hartford filed an Answer to Amended Disputed Claim for Compensation on October 30, 2013.

After retaining new counsel, Mr. Guidry again filed an Amended Disputed Claim for Compensation on October 17, 2014. On November 12, 2014, Louisiana Scrap and Hartford filed their Exception and Answer to Amended Disputed Claim for Compensation, in which they raised an issue regarding prematurity as to this amended claim. Mr. Guidry filed another Amended Disputed Claim for

Compensation on July 6, 2015. Louisiana Scrap and Harford filed their Answer to Amended Disputed Claim for Compensation on July 27, 2015, in which they averred that Mr. Guidry committed fraud by continuing to seek compensation benefits "when he has been guilty of the very conduct proscribed by the Louisiana Workers' Compensation Act."

On August 31, 2016, Mr. Guidry filed his Exception of Lack of Subject Matter Jurisdiction.[1] In this exception, Mr. Guidry states that "Defendant alleged MELVIN GUIDRY was terminated for cause and is not entitled to workers' compensation benefits." Further, Mr. Guidry asserts, "Whether or not MELVIN GUIDRY was terminated for cause cannot be adjudicated in workers' compensation court as this court lacks subject matter jurisdiction over termination." Thus, Mr. Guidry concludes, "This court does not have subject matter jurisdiction to decide whether or not MELVIN GUIDRY was terminated for cause."

The subject matter jurisdiction issue and another matter came for hearing before the OWC court on September 10, 2015. The OWC judge granted the exception of lack of subject matter jurisdiction at the conclusion of the hearing. A written judgment was signed by the OWC judge on December 16, 2015. Louisiana Scrap and Hartford filed a writ application with this court challenging the OWC

---

[1] This court notes that the Exception of Lack of Subject Matter Jurisdiction and the memorandum in support of this exception do not appear in the record where it should. Instead, the only copy of the exception and supporting brief which is included in the record is the copy that was attached as an exhibit to the writ application filed by the defendants in this court. Thus, the OWC court has included a copy of the courtesy copy of the defendants' writ application to this court, with its exhibits, in the record from the OWC court. Were this court going to maintain this appeal, it would be necessary for this court to order the OWC court to file a supplemental record containing this exception and the memorandum in support. Also, the appellate record includes the defendants' Memorandum in Opposition to Motion to Exclude. However, we note additionally that no Motion to Exclude appears of record.

2

judge's granting of the exception. However, this court, with one judge concurring, ruled as follows:

> **WRIT DENIED. REMANDED WITH INSTRUCTIONS.** We deny the instant writ application finding that the relators, Louisiana Scrap Metal Recycling (LSMR) and Hartford Insurance Company (Hartford), have an adequate remedy through an ordinary appeal. As La.Code Civ.P. art. 1915 is not applicable in workers' compensation cases, there is no need for a designation of finality. *Poche v. Huey P. Long Med. Ctr.*, 08-311 (La.App. 3 Cir. 5/21/08), 983 So.2d 986. However, the matter is remanded to the Office of Workers' Compensation, Division 04, with instructions to issue a judgment containing proper decretal language so that LSMR and Hartford can pursue a proper appeal upon the signing of a final judgment. *See Carter v. Williamson Eye Center*, 01-2016 (La.App. 1 Cir. 11/27/02), 837 So.2d 43.

*Guidry v. Louisiana Scrap Metal Recycling*, 16-156 (La.App. 3 Cir. 4/20/16) (unpublished ruling).

Following this court's ruling on the application for supervisory writ, the OWC judge signed an Amended Judgment. In this amended ruling, the OWC court states, "IT IS HEREBY ORDERED ADJUDGED AND DECREED that there be judgment rendered herein in favor of plaintiff, **MELVIN GUIDRY** and against defendants, **LOUISIANA SCRAP METAL RECYCLING AND HARTFORD INSURANCE COMPANY,** granting **MELVIN GUIDRY'S** Exception of Lack of Subject Matter Jurisdiction." Louisiana Scrap and Hartford filed a motion and order of appeal from this ruling. Upon the lodging of the record in this appeal, this court issued the subject rule to show cause to Louisiana Scrap and Hartford to show cause why the appeal should not be dismissed for having been taken from a judgment lacking proper decretal language.

In response to this court's rule to show cause, Louisiana Scrap and Hartford state that the amended judgment contains the proper decretal language. We disagree.

In *Thomas v. Lafayette Parish School System*, 13-91 (La.App. 3 Cir. 3/6/13), 128 So.3d 1055, the claimant in a workers' compensation action appealed a judgment which granted partial summary judgment in favor of the employer. In dismissing the appeal, this court stated:

> The judgment at issue reads, in pertinent part, as follows:
>
>> IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that the Lafayette Parish School Board's Motion for Partial Summary Judgment is granted.
>
> In her response to this court's rule to show cause order, Plaintiff argues that the above language complies with the requirements for a final judgment. However, we note that this court has stated that "[a] valid judgment must be precise, definite, and certain. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied." *State v. White*, 05-718 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144, 1146. Moreover, a judgment cannot require reference to extrinsic documents or pleadings in order to discern the court's ruling. *Vanderbrook v. Coachmen Industries, Inc.*, 2001-809 (La.App. 1 Cir. 5/10/02), 818 So.2d 906.
>
> In the instant case, it is unclear from the face of the judgment whether the granting of Defendant's motion for partial summary judgment results in the dismissal of all or only some of Plaintiff's claims against Defendant. This information, which is necessary for a determination of whether an appealable judgment has been rendered in this case, cannot be ascertained without referring to other pleadings in the record. Therefore, we find that the judgment at issue in the instant appeal is ambiguous and lacks appropriate decretal language. *See Johnson v. Mount Pilgrim Baptist Church*, 2005-337 (La.App. 1 Cir. 3/24/06), 934 So.2d 66. Accordingly, we dismiss this appeal and remand this case to the workers' compensation court for further proceedings in accordance with this ruling.

128 So.3d at 1056-57.

This court's reasoning in *Thomas* is directly applicable to the instant case in that we find that the written ruling is ambiguous and lacks proper decretal language. The judgment appealed states that the exception of lack of subject matter jurisdiction is being granted, but the only way to know the effect of this ruling is

by referring to additional extrinsic documents. By referring to the exception itself, it appears to this court that Mr. Guidry sought the dismissal of only an issue in this matter, specifically the issue of whether or not Mr. Guidry had been dismissed by Louisiana Scrap for cause. A reading of the OWC judge's oral ruling from the bench at the hearing on this matter supports a finding that deciding this sole issue was the OWC judge's intent in the granting of this exception.

In similar cases, this court has remanded the case with orders that the judgment be revised to include proper decretal language so that an appeal can be perfected from the new ruling. However, La.Code Civ.P. art. 2164 provides, in pertinent part, "The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal." Having the entire appellate record in this case before this court, we now have a greater understanding of the procedural posture of this matter than was apparent on the limited record provided to us in the prior writ application.

The supreme court has held that the workers' compensation scheme is designed "to provide a speedy resolution to workers' compensation claims and a swift recourse for injured workers." *Rhodes v. Lewis*, 01-1989, p. 8 (La. 5/14/02), 817 So.2d 64, 69. In *Evergreen Presbyterian Ministries v. Wallace*, 05-1343 (La.App. 3 Cir. 4/5/06), 926 So.2d 759, the OWC court had rendered judgment finding the claimant was entitled to supplemental earnings benefits at a zero earning capacity, but also had ruled that the claimant was not temporarily and totally disabled. Both parties appealed assigning various assignments of error. However, this court did not render a decision on the merits of the OWC court's ruling. Instead, after noting that the OWC court had specifically deferred a ruling

5

on the issue of attorney fees and penalties, this court dismissed the appeals as having been taken from a non-appealable judgment.

In making the decision to dismiss the appeals, this court observed:

> One of the issues raised by Mrs. Wallace is the fact that the WCJ (workers' compensation judge) severed the issue of penalties and attorney fees regarding payment of Dr. Lopez's bill to be decided at a later time. Mrs. Wallace asks that we consider the issue and rule on it at this time.

> In *Rhodes v. Lewis*, 01-1989 (La.5/14/02), 817 So.2d 64, the supreme court affirmed a ruling by this court that an appeal in a workers' compensation matter was premature and that appeals from partial final judgments pursuant to La.Code Civ.P. art. 1915 were not applicable in workers' compensation cases. In making this decision the supreme court looked to La.R.S. 23:1310.5 which provides, in pertinent part:

>> A. (1) Insofar as may be possible, all the evidence pertaining to each case, except as to noncontested matters, shall be heard by the workers' compensation judge initially assigned to the case. Upon the completion of such hearing or hearings, the workers' compensation judge shall make such order, decision, or award as is proper, just, and equitable in the matter.

>> (2) Either party feeling aggrieved by such order, decision, or award shall, after receipt by certified mail of the order, decision, or award, have the right to take an appeal to the circuit court of appeal for the judicial district elected by the claimant upon the filing of the petition. The motion and order for appeal shall be filed with the district office assigned to handle the claim, which shall be responsible for preparation of the record for the appellate court.

> The supreme court relied on its previous decision in *Smith v. UNR Home Products*, 614 So.2d 54 (La.1993), which relied upon La.R.S. 23:1310.5 in finding an appeal premature. The Smith court stated that the statute:

>> [C]ontemplates an appeal from a final decision by the hearing officer upon completion of the required evidentiary hearing or hearings. Piecemeal appeals go counter to the new worker's compensation procedures which are designed to allow the hearing officer to "decide the merits of the controversy as equitably, summarily and simply as may be." LSA-R.S. 23:1317(A). The new procedures are designed to speed up the

adjudicative process, not to prolong and complicate it by partial judgments and multiple appeals.

*Id.* at 54-5.

The law is clear, and we are bound to follow the supreme court's dictates, that a piecemeal appeal is not permissible in a workers' compensation case. The judgment of the Office of Workers' Compensation clearly establishes that issue of penalties and attorney fees is yet to be decided by it. As the second circuit noted in *Gajeske v. Integrated Electrical Services, Inc.*, 37,777 (La.App. 2 Cir. 10/29/03), 859 So.2d 896, in footnote four (*citing Rhodes*, 817 So.2d 64), a piecemeal appeal is not permissible when there are still issues involving penalties and attorney fees yet to determined. Until all issues have been decided in this case, this appeal is premature.

Accordingly, the appeal is dismissed.

*Evergreen Presbyterian Ministries*, 926 So.2d at 763.

*A fortiori*, we find in the instant case that no appeal can be countenanced from the judgment granting the exception of lack of subject matter jurisdiction even if the judgment is reformed to provide proper decretal language because the ruling will not result in a complete adjudication of this workers' compensation action. Clear from this record is the fact that Mr. Guidry's claim for compensation benefits is ongoing. No party to this action contends that the OWC court lacks subject matter jurisdiction over Mr. Guidry's claim for compensation benefits. Therefore, the granting of the exception of lack of subject matter jurisdiction could not result in the dismissal of the entirety of this action. If this court were to remand this case for the ruling at issue to be amended to provide proper decretal language and another appeal is taken, we find that this would result in further unnecessary delay of this workers' compensation claim.

We find that the ruling granting the exception of lack of subject matter jurisdiction dismissing the defendants' claim that Mr. Guidry was dismissed for cause is a partial judgment which, pursuant to the above-discussed jurisprudence,

7

is incapable of being designated as final and immediately appealable because it arises within the context of a workers' compensation action. Thus, in the interest of judicial economy and fairness to the parties, this court converts the instant appeal into an application for supervisory writ. The parties have filed their respective briefs on this appeal; therefore, additional briefing is not necessary prior to reviewing the merits of the issue presented.

In *Miller v. Christus St. Patrick Hosp.*, 12-370 (La.App. 3 Cir. 10/24/12), 100 So.3d 404, *writ denied*, 12-2467 (La. 1/11/13), 107 So.3d 619, the employer argued that the OWC court had erred in failing to consider whether the employee had been terminated for cause in deciding whether the employee was entitled to workers' compensation benefits. This court stated:

> As to [the employer's] contention that the WCJ erred in failing to consider whether [the employee] was terminated for cause, we also find [the employer] to be misguided in its understanding of what was legally before the WCJ. Louisiana Constitution Article 5, § 16(A)(1) vests district courts "original jurisdiction of all civil . . . matters." "[T]he workers' compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter." La.R.S. 23:1310.3(F). The question of whether [the employee's] termination was for cause is a legal determination to be decided by a district court, not the administrative agency determining workers' compensation matters. *See* La.Const. art. 5, § 16(A)(1). Therefore, the WCJ in this matter was correct that "whether it's a legal termination or not isn't a question for this forum."

100 So.3d at 409.

As pointed out in the opposition's brief, the cases on which Louisiana Scrap and Hartford rely are inapposite as they involved instances where the parties entered into stipulations. In the instant case, the parties have not entered into any such stipulation regarding the issue of termination for cause or which tribunal can decide that issue. Accordingly, we find no error in the OWC court's ruling

8

granting the exception of lack of subject matter jurisdiction as to the issue of whether Mr. Guidry was terminated for cause.

**APPEAL CONVERTED TO APPLICATION FOR SUPERVISORY WRIT. WRIT DENIED.**