LYNN LAVIGNE

VERSUS

OCHSNER CLINIC FOUNDATION

NO. 20-CA-417

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE OFFICE OF WORKERS' COMPENSATION,
DISTRICT 7
STATE OF LOUISIANA
NO. 19-3069
HONORABLE SHANNON BRUNO BISHOP, JUDGE PRESIDING

February 24, 2021

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Stephen J. Windhorst, and Hans J. Liljeberg

**APPEAL DISMISSED WITHOUT PREJUDICE; CASE REMANDED**
**WITH INSTRUCTIONS**
    **JGG**
    **SJW**
    **HJL**

COUNSEL FOR PLAINTIFF/APPELLANT,
LYNN LAVIGNE
    William R. Mustian, III

COUNSEL FOR DEFENDANT/APPELLEE,
OCHSNER CLINIC FOUNDATION
    Michele W. Crosby
    Joseph J. Lowenthal, Jr.

**GRAVOIS, J.**

In this workers' compensation proceeding, claimant/appellant, Lynn Lavigne, appeals a July 20, 2020 judgment from the Office of Workers' Compensation court. Upon review, for the following reasons, because we find that the judgment at issue is not a final, appealable judgment, we dismiss the appeal without prejudice for lack of jurisdiction, and remand the matter for a final determination of all issues presented, with instructions to the trial court to proceed with the appointment of an independent medical examiner as set forth in its July 20, 2020 judgment, if it intends to do so, and if it has not already done so, and ultimately to issue a final appealable judgment in this case.

## FACTS AND PROCEDURAL BACKGROUND

On May 13, 2019, claimant/appellant, Lynn Lavigne, filed a Disputed Claim for Compensation (Form 1008) regarding a slip and fall accident that occurred on March 27, 2015. In her petition, Ms. Lavigne alleged that her employer, Ochsner Clinic Foundation, did not authorize a laminectomy that was recommended by Dr. Samer Shamieh and approved by the Office of Workers' Compensation's Medical Director. She also alleged that she was owed penalties and attorney's fees for Ochsner's arbitrary and capricious actions. Trial on the matter was held on January 27, 2020. On July 20, 2020, the court signed a judgment finding that Ms. Lavigne did not meet her burden to show that she is entitled to the laminectomy recommended by Dr. Shamieh. The court specifically found that "the evidence does not currently support the medical necessity of [Ms. Lavigne] undergoing the recommended treatment." However, the court determined it would "appoint an independent medical examiner to provide the Court with an opinion regarding the laminectomy based on the medical treatment guidelines, as well as whether the procedure is reasonable and necessary in light of [Ms. Lavigne's] overall medical condition." The court then rendered judgment in favor of Ochsner and against Ms.

Lavigne with prejudice, each party to bear their own costs. The judgment does not specifically dismiss the petition. This appeal followed.

On January 22, 2021, this Court issued a Show Cause Order, ordering the parties to this appeal to show cause, by brief only, why the appeal should not be dismissed for lack of appellate jurisdiction, as it appeared to this Court that the judgment at issue is not a final, appealable judgment under La. C.C.P. art. 2083.[1] Both parties timely filed briefs in response to the Show Cause Order.

In her response to the Show Cause Order, Ms. Lavigne argues that La. C.C.P. art. 2083(C) allows appeals of interlocutory judgments when expressly provided by law, and that La. R.S. 23:1310.5 specifically permits appeals of interlocutory judgments issued in workers' compensation matters. La. R.S. 23:1310.5 provides, in pertinent part:

> A. (1) Insofar as may be possible, all the evidence pertaining to each case, except as to noncontested matters, shall be heard by the workers' compensation judge initially assigned to the case. Upon the completion of such hearing or hearings, the workers' compensation judge shall make such order, decision, or award as is proper, just, and equitable in the matter.
>
> (2) Either party feeling aggrieved by such order, decision, or award shall, after receipt by certified mail of the order, decision, or award, have the right to take an appeal to the circuit court of appeal for the judicial district elected by the claimant upon the filing of the petition. The motion and order for appeal shall be filed with the district office assigned to handle the claim, which shall be responsible for preparation of the record for the appellate court.
>
> B. The decision of the workers' compensation judge shall be final unless an appeal is made to the appropriate circuit court of appeal. An appeal which suspends the effect or execution of an appealable judgment or order must be filed within thirty days. An appeal which does not suspend the effect or execution of an appealable judgment or order must be filed within sixty days. The delay for filing an appeal commences to run on the day after the judgment

---

[1] La. C.C.P. art. 2083 provides, in pertinent part:

A. A final judgment is appealable in all causes in which appeals are given by law, whether rendered after hearing, by default, or by reformation under Article 1814.

* * *

C. An interlocutory judgment is appealable only when expressly provided by law.

was signed or on the day after the district office has mailed the notice of judgment as required by Louisiana Code of Civil Procedure Article 1913, whichever is later. Motions for new trial shall be entertained in disputes filed under this Chapter. The delay for filing an appeal when a motion for new trial has been filed shall be governed by the Louisiana Code of Civil Procedure.

\* \* \*

Ms. Lavigne argues that the language of La. R.S. 23:1310.5(B) is broad and permits direct appeal of any "order, decision, or award" rendered by the workers' compensation judge, and that the judgment at issue certainly qualifies as an "order, decision, or award" within the meaning of the statute. Accordingly, she concludes that this appeal is properly brought under La. R.S. 23:1310.5(B) and should not be dismissed.

In its response to the Show Cause Order, Ochsner argues that the appeal is premature and should be dismissed for lack of appellate jurisdiction. It argues that the judgment at issue is not a final, appealable judgment under either La. C.C.P. art. 2083 or La. R.S. 23:1310.5(B). According to Ochsner, Louisiana jurisprudence explains that a final appealable judgment must contain decretal language of a final decision awarding the relief to which the parties are entitled, thus disposing of or dismissing the claims at issue. That is, there must be a clear indication that the case is over, or the issues resolved. Here, it argues, no such precise, definite, or certain indication exists. It argues that the judgment at issue did not contain the specific relief that was granted or denied, and does not dispose of Ms. Lavigne's claims against Ochsner or dismiss Ms. Lavigne's underlying Disputed Claim for Compensation. Additionally, it argues that the language of the judgment at issue includes anticipated future action by the Office of Workers' Compensation judge. In conclusion, Ochsner argues that in the absence of a valid final, appealable judgment, such as here, this Court lacks jurisdiction to review the judgment at issue and the pending appeal must be dismissed.

# ANALYSIS

Appellate courts have the duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. *Lynch-Ballard v. Lammico Ins. Agency*, *Inc.*, 13-475 (La. App. 5 Cir. 11/19/13), 131 So.3d 908, 910. This Court cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid final judgment. *Powell v. Gramercy Ins. Co.*, 12-564 (La. App. 5 Cir. 3/13/13), 113 So.3d 343, 345; La. C.C.P. art. 2083.

The law is clear that under the Workers' Compensation Act only final judgments which adjudicate the entire claim are appealable. *Beaumont v. Exxon Corp.*, 98-1239 (La. App. 5 Cir. 4/27/99), 734 So.2d 155, 156. In *Smith v. UNR Home Products*, 614 So.2d 54, 54-55 (La. 1993), the Louisiana Supreme Court explained:

> LSA–R.S. 23:1310.5 contemplates an appeal from a *final decision* by the hearing officer upon completion of the required evidentiary hearing or hearings. Piecemeal appeals go counter to the new workers' compensation procedures which are designed to allow the hearing officer to "decide the merits of the controversy as equitably, summarily and simply as may be." LSA–R.S. 23:1317(A). The new procedures are designed to speed up the adjudicative process, not to prolong and complicate it by partial judgments and multiple appeals.

(Emphasis added.)

In the present case, the court did not definitively rule on the claim for a laminectomy. The court found that the evidence did not currently support the claim for a laminectomy, but the court then went on to state that it will appoint an independent medical examiner to provide the court with "an opinion regarding the laminectomy based on the medical treatment guidelines, as well as whether the procedure is reasonable and necessary in light of Ms. Lavigne's overall medical condition." Thus, the judgment of which an appeal is being sought states that the issue is not yet fully resolved, and thus it is not a "final decision" by the hearing officer. Accordingly, we find that the judgment is not a final, appealable judgment under La. C.C.P. art. 2083 or La. R.S. 23:1310.5(B).

Furthermore, the judgment does not fall under any of the specific instances outlined in La. C.C.P. art. 1915(A) which would automatically make it a final, appealable judgment. Also, the judgment does not qualify as a partial final judgment under La. C.C.P. art. 1915(B)(1) because as stated above, the issue in dispute is not yet fully resolved and thus it cannot be designated as a final judgment by the court after an express determination that there is no just reason for delay.[2]

Additionally, lack of jurisdiction is further supported by the Supreme Court's reasoning that piecemeal appeals run counter to the workers' compensation procedure since such procedures "are designed to speed up the adjudicative process" and not "prolong and complicate it by partial judgments and multiple appeals." *Smith v. UNR Home Prod.*, *supra*.

---

[2] La. C.C.P. art. 1915 provides, in pertinent part:

A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:

  (1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.

  (2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.

  (3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).

  (4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.

  (5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.

  (6) Imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G).

B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

  (2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

* * *

In light of the above, we find that the judgment at issue is not a final, appealable judgment, and thus, we have no jurisdiction to determine the merits of this appeal. Until all issues presented in Ms. Lavigne's pending Disputed Claim for Compensation have been decided by the trial court in this case, this appeal is premature. Accordingly, we dismiss the appeal without prejudice for lack of jurisdiction, and remand the matter for a final determination of all issues presented, with instructions to the trial court to proceed with the appointment of an independent medical examiner as set forth in its July 20, 2020 judgment, if it intends to do so, and if it has not already done so, and ultimately to issue a final appealable judgment in this case.

**APPEAL DISMISSED WITHOUT PREJUDICE; CASE REMANDED WITH INSTRUCTIONS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **FEBRUARY 24, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**20-CA-417**

**E-NOTIFIED**

OFFICE OF WORKERS' COMPENSATION, DISTRICT 7 (CLERK)
HON. SHANNON BRUNO BISHOP (DISTRICT JUDGE)
WILLIAM R. MUSTIAN, III (APPELLANT)      JOSEPH J. LOWENTHAL, JR. (APPELLEE)      MICHELE W. CROSBY (APPELLEE)

**MAILED**

NO ATTORNEYS WERE MAILED