STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2024 CA 0511

FLORETTA MAYFIELD

VERSUS

EAST BATON ROUGE PARISH SCHOOL SYSTEM AND YORK RISK
SERVICES GROUP

**Judgment Rendered:** NOV 2 0 2024

* * * * * *

On appeal from the
Office of Workers' Compensation, District 5
In and for the Parish of East Baton Rouge
State of Louisiana
Docket Number 18-06764

Denise Lee, Workers' Compensation Judge Presiding

* * * * * *

Charles Ayles                          Counsel for Plaintiff/Appellant
Baton Rouge, LA                        Floretta Mayfield


Andrew F. Barr                         Counsel for Defendant/Appellee
Alejandro R. Perkins                   East Baton Rouge Parish School
Baton Rouge, LA                        System


* * * * * *

BEFORE: GUIDRY, C.J., PENZATO, AND STROMBERG, JJ.

**GUIDRY, C.J.**

In this workers' compensation proceeding, the claimant, Floretta Mayfield, appeals the judgment sustaining the exception of prescription filed by her employer. For the reasons that follow, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

On September 21, 2017, Floretta Mayfield, then a teacher employed by the East Baton Rouge Parish School Board, was allegedly injured in a workplace accident. Ms. Mayfield filed a disputed claim for compensation seeking authorization for medical treatment and asserting that "[a]ll future developmental injuries including possible depression associated with [her] accident should be treated." Ms. Mayfield later amended her claim, seeking indemnity benefits.[1]

The defendants, the School Board and its insurer, filed an exception raising the objection of prescription. In a judgment signed on December 22, 2023, the Workers' Compensation Court (WCC) sustained the defendants' exception. Ms. Mayfield appealed.

## DISCUSSION

This court, *ex proprio motu*, issued a rule to show cause order finding an apparent defect in the December 22, 2023 judgment. Specifically, this court noted that the judgment appears to lack appropriate decretal language as required by La. C.C.P. art. 1918(A). The judgment provides as follows:

> **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that judgment be and is hereby rendered in favor of Defendants, **EAST BATON ROUGE PARISH SCHOOL BOARD AND YORK RISK SERVICES GROUP, INC.**, and against Claimant, **FLORETTA MAYFIELD**, granting the Defendant's Exception of Prescription of indemnity benefits[.]

---

[1] Ms. Mayfield first amended her claim on or about June 1, 2021, and then amended her claim an additional three times.

2

In response to the show cause order, the parties submitted an amended partial final judgment, which was signed by the WCC.[2] The amended judgment "[granted] the Defendant's Exception of Prescription of indemnity benefits and [dismissed], with prejudice, all claims related to any claim for indemnity benefits in favor of Defendant, but [maintained] all claims for medical benefits related to the above captioned matter."

Upon review of the amended judgment, this court issued a *second* show cause order inviting the WCC to address whether the judgment at issue warranted a designation of finality as required by La. C.C.P. art. 1915(B), as it appeared to be a partial final judgment. We also invited the WCC to provide a *per curiam,* in the event the WCC supplied a 1915(B) designation. Thereafter, the WCC signed a second amended judgment—the third judgment issued in this matter[3]—providing in part as follows:

> **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the amended judgment be and is hereby rendered in favor of Defendants, **EAST BATON ROUGE PARISH SCHOOL BOARD AND YORK RISK SERVICES GROUP, INC.,** and against Claimant, **FLORETTA MAYFIELD,** *granting the Defendant's Exception of Prescription of indemnity benefits, with prejudice, all claims related to any claim for indemnity benefits in favor of Defendant;* [Emphasis added.]
>
> **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the amended judgment be and is hereby rendered in favor of Claimant, **FLORETTA MAYFIELD** and against Defendants, **EAST BATON ROUGE PARISH SCHOOL BOARD AND YORK RISK SERVICES GROUP, INC.,** *denying the Defendant's Exception of Prescription of Medical benefits, with prejudice, all claims related to any claim for medical benefits in favor of Defendant*[.] [Emphasis added.]

We cannot determine the merits of an appeal unless our appellate jurisdiction is properly invoked by a valid final judgment. <u>Texas Gas Exploration Corporation</u>

---

[2] The amended judgment was signed on July 24, 2024.

[3] The third judgment, signed on September 26, 2024, was apparently prepared by the WCC. In addition, we note that following the issuance of the third judgment, the rule to show cause was referred to the merits of the appeal.

v. Lafourche Realty Company, Inc., 11-0520, 11-0521, 11-0522, 11-0523, p. 11 (La. App. 1st Cir. 11/9/11), 79 So. 3d 1054, 1061, writ denied, 2012-0360 (La. 4/9/12), 85 So. 3d 698. A valid, appealable, final judgment must be precise, definite, and certain. It must contain appropriate decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. Advanced Leveling & Concrete Solutions v. Lathan Company, Inc., 17-1250, p. 4 (La. App. 1st Cir. 12/20/18), 268 So. 3d 1044, 1046.

Further, La. C.C.P. art. 1915 authorizes an appeal of a partial final judgment in an ordinary civil proceeding.[4] However, in a workers' compensation proceeding, an immediate appeal of a partial judgment is generally frowned upon and not contemplated. See generally Rhodes v. Lewis, 01-1989, p. 7 (La. 5/14/02), 817 So. 2d 64, 69; Stewart v. City of Bogalusa, 15-1877, p. 4 (La. App. 1st Cir. 8/5/16), 199 So. 3d 651, 653. As stated in Smith v. UNR Home Products, 614 So. 2d 54, 55 (La. 1993), "[p]iecemeal appeals go counter to ... [workers'] compensation procedures which are designed to allow the hearing officer to 'decide the merits of the controversy as equitably, summarily and simply as may be.' ... The ... procedures are designed to speed up the adjudicative process, not to prolong and complicate it by partial judgments and multiple appeals."

---

[4] Louisiana Code of Civil Procedure article 1915 states, in pertinent part:

> B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
> (2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

The WCC herein determined that a portion of the plaintiff's claims were prescribed, and as the judgment is written, left a portion of the plaintiff's claims pending. While denying the defendants' exception of prescription concerning medical benefits, the WCC did not determine the amount of any such award or benefit owed. Instead, and seemingly, those matters remain outstanding, to be later resolved by the parties. The judgment herein decides an issue, it does not dispose of the entire case.

We are constrained to find, as our courts previously have, that a judgment from a worker's claim, deciding that only a part of that claim has prescribed, is not suitable for an immediate appeal. See Lemmons v. Georgia Pacific Corporation, 42,142 (La. App. 2nd Cir. 4/18/07), 955 So. 2d 273. The WCC did not certify the amended judgment as final for purposes of appeal, nor is such an appeal contemplated for workers' compensation cases. This court lacks appellate jurisdiction to consider the merits of the appeal.[5] We therefore dismiss the appeal.

## CONCLUSION

For the above and foregoing reasons, we dismiss the appeal. We decline to assess costs pending the rendition of a final judgment.

**APPEAL DISMISSED.**

---

[5] Importantly, because the amended judgment before us also does not dispose of or dismiss any claims of the parties, it lacks sufficient decretal language, and therefore is not final and appealable.