695 So.2d 1038 (1997)
Margaret F. VOLION
v.
BAKER HERITAGE, INC. and Louisiana Workers' Compensation Corporation.
No. 97-CA-92.
Court of Appeal of Louisiana, Fifth Circuit.
May 28, 1997.
Ted Williams, Baton Rouge, for Defendants/Appellants.
Leslie M. Salamone, LaPlace, for Plaintiff/Appellee.
Before GAUDIN, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
Defendant, Baker Heritage, Inc., appeals a ruling of the Worker's Compensation Hearing Officer which sustained claimant, Margaret Volion's assertion that she suffered a work-related injury and decrees that she is entitled to Worker's Compensation Benefits. The judgment does not make a determination of the extent of her disability or the amount to which she is entitled. The sole issue presented by the defendant in brief to this Court is whether the claimant sustained a work-related injury. For reasons that follow, we dismiss the appeal.
The Supreme Court in the recent case of Smith v. UNR Home Products, 614 So.2d 54 at 54-55 (La.1993) explained:
Neither the Code of Civil Procedure nor the Worker's Compensation Act contemplate appeals from limited findings of hearing officers such as involved in this case. Ordinarily, appeals are from final judgments. LSA-C.C.P. Art. 2083. LSA-C.C.P. Arts. 1915A(5) and 1562 allow separate trials on the issues of "liability and damages" and an appeal from a judgment on the issue of liability when that issue has been tried separately by the court. These provisions, however, do not apply to worker's compensation actions, which do not precisely involve "liability and damages." Further, the order rendered by the hearing officer in this case, although finding the occurrence of an on-the-job accident, stopped short of finding liability on the part of the defendant.
LSA-R.S. 23:1310.5 contemplates an appeal from a final decision by the hearing officer upon completion of the required evidentiary hearing or hearings. Piecemeal appeals go counter to the new worker's compensation procedures which are designed to allow the hearing officer to "decide the merits of the controversy as equitably, summarily and simply as may be." LSA-R.S. 23:1317(A). The new procedures are designed to speed up the adjudicative process, not to prolong and complicate it by partial judgments and multiple appeals.
While the judgment in the instant case establishes the entitlement of the claimant to worker's compensation benefits, it does not indicate the type or amount of those benefits. We, therefore, conclude that the judgment from which this appeal is taken is not appealable.
For these reasons we dismiss the appeal as premature, and remand the matter to the *1039 hearing officer for consideration of the remaining issues presented by this claim.
DISMISSED AND REMANDED.