964 So.2d 1045 (2007)
Jarod MARQUEZ
v.
JACK USSERY CONSTRUCTION.
No. 2006 CA 1852.
Court of Appeal of Louisiana, First Circuit.
June 8, 2007.
D. Steven Wanko, Jr., Covington, for Plaintiff-Appellee Jarod Marquez.
John J. Rabalais, Janice B. Unland, Robert T. Lorio, David B. Parnell, Covington, for Defendant-Appellant Jack Ussery Construction.
Before: KUHN, GAIDRY, and WELCH, JJ.
WELCH, J.
Defendants, Jack Ussery Construction, L.L.C. and its compensation carrier (hereafter "Jack Ussery"), appeal a partial judgment rendered by the Office of Workers' Compensation (OWC) determining the employee's average weekly wage and compensation rate without adjudicating the nature and extent of the employee's disability, the amount of indemnity benefits owed by the employer, the employee's entitlement to medical benefits, or whether the *1047 employer was liable for penalties and attorney fees for untimely paying benefits. We conclude that the judgment is not a partial final judgment for which the law authorizes an immediate appeal, and dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND
On April 7, 2005, Jarod Marquez filed this disputed claim for compensation in the OWC against his employer, Jack Ussery, averring that he sustained injuries as a result of a work-related accident occurring on March 1, 2005. In the petition, Mr. Marquez alleged that his employer incorrectly determined his compensation rate, insisting that he should have received indemnity payments of $400.00 per week based on an average weekly wage of $600.00. Mr. Marquez further charged that his employer failed to authorize prescription medications and sought to recover penalties, attorney fees, costs, interest and late payments.
The workers' compensation judge (WCJ) set a pretrial mediation for January 31, 2006, with the trial scheduled for March 22, 2006. On January 9, 2006, Mr. Marquez filed a supplemental and amended disputed claim for compensation, asserting that Jack Ussery was subject to penalties and attorney fees for paying benefits untimely and for untimely payment of or denial of medical treatment, including a surgery requested by his doctor.
Jack Ussery sought to obtain a continuance of the trial on the grounds that Mr. Marquez's recently amended Form 1008 form raised numerous issues that had not been investigated and for which discovery was still outstanding. The WCJ denied the motion to continue, but limited the March 22, 2006 trial to the sole issue of Mr. Marquez's average weekly wage and compensation rate, acknowledging that the newly added issues could be tried at a later date.
Thereafter, a trial confined to the issue of Mr. Marquez's average weekly wage was held. During the trial, the parties stipulated to the occurrence of an accident on March 1, 2005, and acknowledged that Jack Ussery paid Mr. Marquez indemnity benefits and paid for medical treatment following the accident. However, the employer refused to stipulate regarding liability for continued medical care.
Following the conclusion of the trial, the WCJ entered a judgment setting the average weekly wage at $600.00 effective as of the date of the accident and the weekly compensation rate at $400.00 as of the date of the accident. The WCJ also denied any claim for penalties and attorney fees as it related to the issue of the compensation rate. No determination was made as to the amount owed by Jack Ussery to Mr. Marquez. The WCJ designated the judgment as a final one for appeal purposes in accordance with La. C.C.P. art. 1915(B). This appeal of the partial judgment, taken by Jack Ussery, followed. Mr. Marquez answered the appeal, challenging an evidentiary ruling by the WCJ and its failure to award penalties and attorney fees. Mr. Marquez also sought an increase in attorney fees for the costs of the appeal and damages for a frivolous appeal.

APPELLATE JURISDICTION
Appellate courts have the duty to examine subject matter jurisdiction sua sponte, even when the parties do not raise the issue. Motorola, Inc. v. Associated Indem. Corp., XXXX-XXXX, p. 4 (La.App. 1st Cir.4/30/03), 867 So.2d 715, 717. Louisiana Code of Civil Procedure article 1915 authorizes the appeal of a partial final judgment in certain situations and for the designation of partial judgments as "final" by the trial court for the purpose of an *1048 immediate appeal. Paragraph B of La. C.C.P. art.1915 permits an appeal of a partial judgment as to one or more but less than all of the claims, demands, issues or theories where the judgment is designated as a final judgment by the trial court after an express determination that there is no just reason for the delay.
The WCJ certified the partial judgment as final; however, that designation does not make the judgment immediately appealable. Van ex rel. White v. Davis, XXXX-XXXX, p. 2 (La.App. 1st Cir.2/16/01), 808 So.2d 478, 480; Doyle v. Mitsubishi Motor Sales of America, Inc., 99-0459, 99-0460, p. 9 (La.App. 1st Cir. 3/31/00), 764 So.2d 1041, 1047, writ denied, XXXX-XXXX (La.6/16/00), 765 So.2d 338. This court's appellate jurisdiction extends to "final judgments." La. C.C.P. art. 2083. Under Louisiana law, a final judgment is one which determines the merits of a controversy, in whole or in part. La. C.C.P. art. 1841. Although La. C.C.P. art. 1915 dispenses with finality in the sense of completion of the litigation, the judgment rendered must be sufficiently final in that it disposes of the claim or dispute in regard to which the judgment is rendered. Leray v. Nissan Motor Corp. in U.S.A., XXXX-XXXX, p. 5 (La.App. 1st Cir.6/10/05), 916 So.2d 260, 263, writ denied, XXXX-XXXX (La.1/27/06), 922 So.2d 554. In contrast, an interlocutory judgment does not determine the merits, but only preliminary matters in the course of an action. La. C.C.P. art. 1841. This court determines finality de novo.[1]Davis, XXXX-XXXX at p. 5, 808 So.2d at 483; Doyle, 99-0459 at p. 9, 764 So.2d at 1047; Mark Tatum and William Norris, III, Summary Judgment and Partial Judgment in Louisiana: The State We're In, 59 La. L.Rev. 131, 158.
In the instant case, the OWC merely determined Mr. Marquez's hourly rate of pay  it did not determine the nature and extent of his disability, which are crucial factors that must be decided in order to determine the amount of compensation to which Mr. Marquez is entitled. Nor has there been a determination of Mr. Marquez's entitlement to medical payments for services that have not been approved by his employer. Additional outstanding issues include the employer's liability for penalties and attorney fees for failing to timely pay benefits and for failing to approve a requested medical procedure. Plainly, the judgment appealed from did not determine the merits of Mr. Marquez's compensation claim; rather, it only decided a preliminary matter in the course of the compensation litigation. The addition of "certification" language in a judgment cannot serve to transform an interlocutory judgment into an appealable partial final judgment. Bennett v. Arkansas Blue Cross Blue Shield, XXXX-XXXX, p. 4 (La.App. 1st Cir.9/15/06), 943 So.2d 1124, 1127.
Moreover, our courts have repeatedly held that although La. C.C.P. art. 1915 may authorize an appeal of a partial final judgment in an ordinary civil proceeding, allowing an immediate appeal pursuant to that provision in the course of an ongoing compensation proceeding runs counter to the purposes behind the Workers' Compensation Act. In Smith v. UNR Home Products, 614 So.2d 54 (La.1993), the Supreme Court held that La. C.C.P. art. 1915(A)(5), which permits an appeal from a judgment on the issue of liability when *1049 that issue had been tried separately from the damage issue by a court, did not apply in a workers' compensation case. In so doing, the court concluded that piecemeal appeals ran counter to the procedures of the Workers' Compensation Act, which were designed to speed up the adjudicative process, not to prolong and complicate it by partial judgments and multiple appeals. Smith, 614 So.2d at 55; see also Hughes v. Albertson's Inc., 2000-2542, p. 5 (La.App. 1st Cir.12/28/01), 803 So.2d 1150, 1153 (wherein another panel of this court cited Smith in finding that a judgment of the OWC relating to penalties and attorney fees, which did not determine the issues of entitlement to compensation and in what amount, was not immediately appealable under article 1915); Volion v. Baker Heritage, Inc., 97-92 (La.App. 5th Cir.5/28/97), 695 So.2d 1038 (relying on Smith in dismissing the appeal of a judgment establishing a worker's entitlement to benefits, but which did not adjudicate the amount of those benefits).
In Rhodes v. Lewis, XXXX-XXXX (La.5/14/02), 817 So.2d 64, the Supreme Court held that La. C.C.P. art. 1915(A)(1), which permits a party to appeal a judgment dismissing a suit as to less than all of the parties, was not applicable in a workers' compensation proceeding. The court observed that the purpose of empowering the OWC to resolve disputes and issue orders regarding workers' compensation claims is to provide a speedy resolution of these claims and a swift recourse for injured workers. To allow an immediate appeal of a judgment dismissing some, but not all of the parties from the action, leaving the issue of the claimant's entitlement to compensation to be decided, the court stated, would render meaningless the goals of the Workers' Compensation Act. Rhodes, XXXX-XXXX at. p. 8, 817 So.2d at 69; see also Lemmons v. Georgia Pacific Corp., 42,142, p. 3 (La.App. 2nd Cir.4/18/07), 955 So.2d 273 (finding that a judgment of the OWC deciding that only part of a worker's claims had prescribed was not suitable for an immediate appeal under the reasoning employed in Rhodes).
Likewise, we find that allowing an employer to appeal a partial ruling that merely sets the employee's compensation rate only encourages piecemeal adjudication and appeals, causing delay and inefficiency, in direct contravention to the Workers' Compensation Act's goal of achieving a speedy resolution of injured workers' claims. Therefore, we conclude that the WCJ erred in certifying the judgment as immediately appealable.
For the foregoing reasons, we hold that the judgment of the WCJ setting forth the employee's average weekly wage and compensation rate is not a partial final judgment for which the law authorizes an immediate appeal. Accordingly, we dismiss the appeal and remand the case for further proceedings consistent with the views expressed herein.
APPEAL DISMISSED.
NOTES
[1] Where the partial judgment is a final one and the trial court fails to give explicit reasons why there is no just reason for the delay of an immediate appeal, this court reviews the propriety of the designation de novo, utilizing the factors set forth in R.J. Messinger, Inc. v. Rosenblum, XXXX-XXXX (La.3/2/05), 894 So.2d 1113.