WICKER, J.
Dissenting.
| |I respectfully dissent from the majority because in my view the judgment is an impermissible partial judgment for which the law does not authorize an immediate appeal.
In this matter, the employer appeals a judgment that determines the employee is permanently totally disabled and is entitled to benefits from August 18, 2005 through the present and continuing. The *442 judgment also finds that the claimant is entitled to medical expenses. Further, the judgment states that it can be modified if the claimant’s condition improves. Finally, the judgment allows the employer a credit for any benefits it paid.
The judgment, however, does not indicate the amount of benefits nor does it indicate the amount of credit to which the employer is entitled. In addition, the claimant sought attorney’s fees and penalties but the judgment does not address this aspect of the claimants’ claim.
At trial, the parties stipulated to the amount of the claimant’s average weekly wage ($411.30), the compensation rate ($274.20), which was originally set, pursuant to a consent judgment[1] between the parties on December 18, 1996, and the amounts paid by the employer in compensation and medical benefits. Therefore, the parties are bound by those stipulations. Although bound, the trial judge did not incorporate these amounts in her judgment nor did she make any calculations based on the stipulations.
|2The law is clear that under the Workers’ Compensation Act only final judgments which adjudicate the entire claim are appealable. Beaumont v. Exxon Corp., 98-1239, p. 2 (La.App. 5 Cir. 4/27/99), 734 So.2d 155, 156. In Smith v. UNR Home Products, 614 So.2d 54 (La.1993), the Court stated:
LSA-R.S. 23:1310.5 contemplates an appeal from a final decision by the hearing officer upon completion of the required evidentiary hearing or hearings. Piecemeal appeals go counter to the new workers’ compensation procedures which are designed to allow the hearing officer to “decide the merits of the controversy as equitably, summarily and simply as may be.” LSA-R.S. 23:1317(A). The new procedures are designed to speed up the adjudicative process, not to prolong and complicate it by partial judgments and multiple appeals.
In the present case, the judgment is not final in that the essential issues of the case, i.e. the amount of compensation to which the claimant is entitled, the amount of credits due to the employer, the amount of medical expenses, and whether the claimant is entitled to attorney’s fees and penalties remain undecided.
The fact that there are outstanding issues to be determined is problematic because piecemeal adjudication and appeals cause delay and inefficiency, in direct contravention of the Workers’ Compensation Act’s goal of achieving a speedy resolution of injured workers’ claims. Marquez v. Jack Ussery Construction, 06-1852, p. 6 (La.App. 1 Cir. 6/8/07), 964 So.2d 1045, 1049, writ denied, 07-1404 (La.10/12/07), 965 So.2d 400.
In Volion v. Baker heritage, Inc., 97-92 (La.App. 5 Cir. 5/28/97), 695 So.2d 1038, this court dismissed an appeal. The court observed: ‘While the judgment in the instant case establishes the entitlement of the claimant to worker’s compensation benefits, it does not indicate the type or amount of those benefits.” 97-92 at 3, 695 So.2d at 1038. The court concluded that the judgment was not appealable. The court remanded the matter for ^consideration of the remaining issues presented by this claim. Id., 97-92 at 3, 695 So.2d at 1038-39.
To summarize, I find that the judgment is not appealable. It should be dismissed and remanded for a decision on all issues presented by this workers’ compensation *443 claim. See: Flach v. Diebold, Inc., 07-576, p. 7 (La.App. 5 Cir. 11/7/07), 973 So.2d 1, 4.

. The record does not contain a consent judgment.