GUIDRY, J.
pin this workers’ compensation action, the claimant appeals a partial summary judgment rendered- in favor of his employer that dismissed his claim seeking permanent, total disability status. For the following reasons, we dismiss the appeal.
FACTS AND PROCEDURAL HISTORY
On or about July 9, 2013, the claimant, Timothy B. Stewart, injured his back' in the course and scope of his employment as a police officer with the Bogalusa Police Department. The injury was allegedly sustained when his gun got caught on the steering wheel as he was exiting from his police unit. Based on this accident, the City of Bogalusa paid workers’ compensar *652 tion medical and temporary, total disability benefits.
On March 17, 2015, Mr. Stewart filed a disputed claim for compensation against the City of Bogalusa seeking a disability status of permanent and total disability and requesting statutory penalties and attorney fees for the late payment of temporary, total disability benefits. In response to the disputed claim for compensation; the City of Bogalusa denied that Mr. Stewart had sustained an injury on or-.about July 9, 2013, that he was totally and permanently disabled, or that it was liable for any penalties and/or attorney fees. Soon thereafter, the City of Bogalusa filed a motion for partial summary judgment in regards to the issue of whether Mr. Stewart was permanently and totally disabled. Following a hearing on the motion for partial summary judgment, the workers’ compensation judge granted the city’s motion, and in a judgment signed August 4, 2015, dismissed Mr. Stewart’s claim for permanent and total disability benefits and decreed that “[a]ll remaining claims will proceed.”
The Office of Workers’ Compensation Administration (OWCA) issued a “Notice of Signing of Interlocutory Judgment” on August 10, 2015, following | awh.ich Mr. Stewart filed a notice of intention to apply for supervisory writs. In a decision rendered September 1, 2015, this court denied writs,[1] and thereafter, Mr. Stewart filed a motion for devolutive appeal in which he requested that the August 4, 2015 judgment be certified as a final and appealable judgment pursuant to La. C.C.P. art. 1915(B). By an order signed September 4, 2015, the workers’ compensation judge designated the August 4, 2015 judgment as final and appealable pursuant to La. C.C.P. art. 1915(B) and authorized that a return date for a devolutive appeal be set in accordance with law.[2]
PROPRIETY OF THE APPEAL
Appellate courts have the duty to examine subject matter jurisdiction sua sponte, even, when the parties do not raise the issue. Motorola, Inc. v. Associated Indemnity Corporation, 02-0716, p. 4 (La.App. 1st Cir.4/30/03), 867 So.2d 715, 717. A partial summary judgment rendered pursuant to La. C.C.P. art. 966(E) may be immediately appealed during ongoing litigation only if it has been properly designated as a final judgment by the trial court. La. C.C.P. art. 1915(B). Although the workers’ compensation judge in this case designated the partial summary judgment dismissing Mr. Stewart’s claim for permanent, total disability benefits as a final judgment under La. C.C.P. art. 1915(B), that designation is not determinative of this court’s jurisdiction. See Van ex rel. White v. Davis, 00-0206, p. 2 (La.App. 1st Cir.2/16/01), 808 So.2d 478, 480. We still must ascertain whether this court has appellate jurisdiction to review the partial summary judgment.
In seeking to have the judgment certified as final, Mr. Stewart asserted that in “substance and effect,” the August 4, 2015 judgment is a final judgment and that “there is no just reason to delay” the appellate process. However, the workers’ compensation judge did not provide any *653 reasons for designating the judgment as final pursuant to La. C.C.P. art. 1915(B). Because the workers’ compensation judge did not give reasons for certifying the judgment as final and immediately appeal-able, we review the designation de novo. See R.J. Messinger, Inc. v. Rosenblum, 04-1664, pp. 13-14 (La.3/2/05), 894 So.2d 1113, 1122.
Historically, our courts have had a policy against multiple appeals and piecemeal litigation. Article 1915(B) attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties. Thus, in considering whether a judgment is properly designated as final pursuant to Article 1915(B), judicial administrative interests must be considered as well as the equities involved. R.J. Messinger, Inc., 04-1664 at p. 13, 894 So.2d at 1222. In the context of workers’ compensation proceedings, allowing the immediate appeal of partial judgments, even when technically “final,” is generally frowned upon as being contrary to the goals and procedures of the Louisiana Workers’ Compensation Act of achieving speedy resolution of injured workers’ claims. See Rhodes v. Lewis, 01-1989, p. 8 (La.5/14/02) 817 So.2d 64, 69 (in which the court held that a workers’ compensation judgment that constituted a partial final judgment under La. C.C.P. art. 1915(A)(1) was not immediately appealable because “[t]o hold otherwise would render meaningless the goals of the Workers’ ^Compensation Act”) and Smith v. UNR Home Products, 614 So.2d 54, 55 (La.1993) (in which the court, partially quoting La. R.S. 23:1317(A), held that a workers’ compensation judgment that constituted a partial final judgment pursuant to La. C.C.P. art. 1915(A)(5) was not immediately ap-pealable because “[pjiecemeal appeals go counter to ... [workers’] compensation procedures which are designed to allow the hearing officer to ‘decide the merits of the controversy as equitably, summarily and simply as may be.’ ... The ... procedures are designed to speed up the adjudicative process, not to prolong and complicate it by partial judgments and multiple appeals”).
Similarly, relative to a partial judgment that was certified by a workers’ compensation judge as final pursuant La, C.C.P. art. 1915(B), this court also concluded that allowing the immediate appeal of the partial judgment was not warranted, as allowing such an appeal “only encourages piecemeal adjudication and appeals, causing delay and inefficiency, in direct contravention to the Workers’ Compensation Act’s goal of achieving speedy resolution, of injured workers’ claims.” Marquez v. Jack Ussery Construction, 06-1852, p. 6 (La.App. 1st Cir.6/8/07), 964 So.2d 1045, 1049, writ denied, 07-1404. (La.10/12/07), 965 So.2d 400. In that case, the judgment certified by the workers’ compensation judge only determined the employee’s average weekly wage and compensation rate, but, as pointed out by this court; the judgment did not determine the nature and extent of the employee’s disability, the amount of indemnity benefits owed, entitlement to medical benefits, or the outstanding issue of employer’s liability for penalties and attorney fees for failing to approve a requested medical procedure and failing to timely pay benefits. Marquez, 06-1852 at pp. 4-5, 964 So.2d at 1048. Observing the extent of the matters left to be adjudicated, this court declared:
| ^Plainly, the judgment appealed from did not determine the merits of Mr. Marquez’s compensation claim; rather, it only decided a preliminary matter in the course of the compensation litigation. The addition of “certification” language in a judgment cannot serve to transform an interlocutory judgment *654 into an appealable partial final judgment.
Marquez, 06-1852 at p. 5, 964 So.2d at 1048 (citation omitted).
At the hearing on the motion for partial summary judgment in the present matter, the employer plainly acknowledged that there are other issues in the case, but stated that the motion was filed to resolve one issue — whether Mr. Stewart was entitled to claim permanent and total disability status. In granting the partial motion for summary judgment, the workers’ compensation judge acknowledged that the issue of what work Mr. Stewart can perform is a question of fact for trial, but she found the issue of what jobs Mr. Stewart would or would not be approved to do and the availability of such jobs would relate to Mr. Stewart’s entitlement to supplemental earnings benefits and at what rate. Moreover, Mr. Stewart’s claim for statutory penalties and attorney’s fees for the late payment of temporary, total disability benefits was also still outstanding.
Thus, like in Marquez, the nature and extent of Mr. Stewart’s disability and the workers’ compensation benefits to which he is entitled, as well as his additional request for penalties and attorney fees, are all outstanding matters left to be resolved. In light of the express goals and procedures of the Workers’ Compensation Act and the significance of the outstanding matters still left to be resolved, we find the workers’ compensation judge erred in designating the August 4, 2015 partial summary judgment final and immediately ap-pealable.
CONCLUSION
Because the workers’ compensation judge improperly certified the partial summary judgment rendered herein as a final judgment pursuant to La. C.C.P. art. 1915(B), we dismiss the appeal for lack of appellate jurisdiction. The case |7is remanded for proceedings consistent with this ruling. All costs of this appeal are assessed to the claimant/appellant, Timothy B. Stewart.
APPEAL DISMISSED.

. See Stewart v. City of Bogalusa, 15-1283 (La.App. 1st Cir.9/1/15) (unpublished writ action).

; Inexplicably, the record contains a faxed copy of the same motion for devolutive appeal . with attached order wherein Mr. Stewart presents the request that the workers' compensation judge designate the judgment as final for purposes of immediate appeal; however, on the faxed copy version, the workers’ compensation judge wrote "Denied” across the order and signed the notation, giving as her reason "Prohibited by La, CCP art. 1915(A)(3).”