# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 20-327

TIMOTHY BATISTE

VERSUS

MINERALS TECHNOLOGY, INC.

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 17-02865
ANTHONY PAUL PALERMO, WORKERS' COMPENSATION JUDGE

**********

**D. KENT SAVOIE**
**JUDGE**

**********

Court composed of John D. Saunders, D. Kent Savoie, and Jonathan W. Perry, Judges.

**APPEAL DISMISSED.**

**Michael Benny Miller**
**Jacqueline K. Becker**
**Miller & Associates**
**311 N. Parkerson Ave**
**Crowley, LA 70526**
**(337) 785-9500**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Timothy Batiste**


**Doris A. Royce**
**Thompson, Coe, Cousins, & Irons, L.L.P.**
**650 Poydras, Suite 2105**
**New Orleans, LA 70130**
**(504) 526-4350**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Minerals Technology Inc.**

**SAVOIE, Judge.**

In this workers' compensation case, claimant appeals the workers' compensation court's ruling and seeks additional benefits, penalties, and attorney fees. For the reasons set forth below, we dismiss the instant appeal for lack of appellate jurisdiction as the workers' compensation court's judgment does not contain appropriate decretal language.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 11, 2017, claimant, Timothy Batiste, filed a disputed claim for compensation with the Louisiana Office of Workers' Compensation. Therein, he alleged that he was a night supervisor at Mineral Technology, Inc. (MT), and that on April 13, 2017, he injured his back when lifting dimethecone talc. He further alleged that the "bona fide dispute" was MT's failure to pay weekly compensation benefits, its failure to authorize medical treatment with Dr. Michael Heard, and its failure to approve his choice of physician. Batiste also sought penalties and attorney fees.

Trial was held October 2, 2019. Batiste stated in his pre-trial memorandum that at issue for trial was whether he was injured at work on April 13, 2017, *and* on April 20, 2017. He asserted that on April 20, 2017, he "reinjured his back" when "reaching into the blender to clean it and felt a pop in his lower back." He further alleged that he sustained injuries to his back, leg, neck, and shoulder, as well as suffered from headaches, as a result of the two work accidents.

Batiste argued to the workers' compensation court that he was entitled to weekly compensation benefits at $580.86 per week, but possibly more, due to the lack of information MT provided in discovery. According to Batiste, his doctor released him to return to sedentary work only; however, MT was unable to provide

him with a sedentary position, but rather only a "light duty job" that he could not perform. Batiste did not return to work following April 20, 2017, and he was terminated by MT as of June 2, 2017. Batiste further argued to the workers' compensation court that weekly benefits were due fourteen days from the April 20, 2017 accident and his "claim was found compensable on June 13, 2017," but MT failed to pay weekly compensation benefits or medical bills.

Batiste also sought a judgment from the workers' compensation court for "all reasonable and necessary medical treatment for his back injury," as well as penalties and attorney fees for MT's failure to pay indemnity benefits, and its failure to, on twelve separate instances, authorize medical treatment, pay various medical bills, and/or pay mileage reimbursement.[1] In his post-trial memorandum, Batiste further asked the workers' compensation court to set a hearing under La.Code Civ.P. art. 863 to impose sanctions on MT and counsel who filed improper pleadings.

In response, MT argued in its post-trial brief to the workers' compensation court that weekly compensation benefits were not, and are not, owed because Batiste was terminated for cause. Specifically, MT asserted that it referred Batiste to Dr. Caillet with Stafford Healthcare following the work accidents at issue, and, on April 28, 2017, Batiste was released by Dr. Andree Caillet to sedentary work with frequent breaks to stand and stretch. According to MT, it scheduled Batiste

---

[1] According to Batiste, these include a $1,500 bill from Dr. Heard and paid by Batiste's counsel; a $568 bill from Lafayette Medical Center; a $1,360 bill from Coolidge Emergency Group, an $18.42 bill from Regional Radiology; a $10.32 bill from Walmart for medication; a $761 bill for Congress Emergency Group; a $43.53 bill from Walgreens; a request for mileage reimbursement on November 7, 2018, for visits to Walmart and Lafayette General Medical Center; a November 27, 2018 request for mileage reimbursement for visits to Dr. Heard and Stafford Clinic.

for this type of work May 4 through May 21, 2017, but Batiste did not show up or call in on any of these days.

MT further argued to the workers' compensation court that it received and approved Batiste's signed choice of physician form selecting Dr. Heard, "compensability of Mr. Batiste's claim was officially accepted on June 13, 2017," and it approved the only treatment properly submitted for approval in accordance with the Louisiana Workers' Compensation Act. According to MT, Dr. Heard did not submit any form 1010's recommending or requesting approval of any other specific treatment. In addition, according to MT, the only form 1010 it did receive was from Dr. Caillet seeking approval of physical therapy, which MT approved; however, Batiste failed to seek physical therapy.

MT also argued to the workers' compensation court that there was no medical evidence establishing the causation or medical necessity of emergency room treatment on June 15, 2018, and, alternatively, $750 per provider is the most it could be liable for nonemergency medical treatment that was not preauthorized. In addition, MT argued that it was not liable for penalties and attorney fees for its handling of Batiste's claim because the claim was reasonably controverted.

On January 9, 2020,[2] the trial court rendered judgment stating:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Timothy Batiste and against Mineral Technology, Inc. that Timothy Batiste is entitled to supplemental earnings benefits from April 21, 2017[,] to date, as well as medical benefits.

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Timothy Batiste is owed $2,000.00 in penalties for failure to provide medical treatment and $5,000.00 in attorney fees. Penalties and attorney fees for indemnity benefits are denied.

---

[2] The handwritten date on the judgment inadvertently states "2019."

3

Batiste appeals, arguing that "the workers' compensation judge's award of SEB benefits was not clear, and if clear, was incorrect." Batiste further argues on appeal that the workers' compensation court erred in: (1) finding that MT offered Batiste a sedentary job; (2) failing to award penalties for the failure to pay indemnity benefits; (3) failing to award the statutory maximum penalty of $8,000 for MT's failure to provide appropriate medical treatment, pay medical bills, and/or pay for mileage reimbursement on twelve separate instances; (4) failing to award legal interest on indemnity and medical benefits, penalties, and attorney fees awarded against MT; (5) failing to render judgment based on sixty-six and two-thirds of Batiste's average weekly wage; and (6) limiting the attorney fee award to $5,000.

## ANALYSIS

We first note Batiste's argument on appeal that the worker's compensation court's judgment is unclear. This leads us to the following analysis:

> Appellate courts have a duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. *Advanced Leveling & Concrete Solutions v. Lathan Co., Inc.*, 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So. 3d 1044, 1046 (en banc). This court's appellate jurisdiction extends only to "final" judgments. *See* La. C.C.P. art. 2083(A); *DeVance v. Tucker*, 2018-1440 (La. App. 1st Cir. 5/31/19), 278 So. 3d 380, 382. Under Louisiana law, a final judgment is one that determines the merits of a controversy in whole or in part. La. C.C.P. art. 1841.
>
> A valid judgment must be "precise, definite, and certain." *Laird v. St. Tammany Parish Safe Harbor*, 2002-0045 (La. App. 1st Cir. 12/20/02), 836 So. 2d 364, 365-366. Moreover, a final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. See *Carter v. Williamson Eye Center,* 2001-2016 (La. App. 1st Cir. 11/27/02), 837 So. 2d 43, 44. These determinations should be evident from the language of a judgment without reference to other documents in the record, such as pleadings and reasons for judgment. *Advanced Leveling*, 268 So. 3d at 1046. Thus, a judgment that does not contain

decretal language cannot be considered as a final judgment for the purpose of an immediate appeal, and this court lacks jurisdiction to review such a judgment. *See Johnson v. Mount Pilgrim Baptist Church*, 2005-0337 (La. App. 1st Cir. 3/24/06), 934 So. 2d 66, 67.

*Coastal Industries, LLC v. Arkel Constructors, LLC*, 19-1586, pp. 2-3 (La.App. 1 Cir. 9/21/20), __ So.3d ___.

Moreover, "**[t]he specific nature and amount of damages** should be determinable from a judgment so that a third person is able to determine from a judgment the amount owed without reference to other documents." *Advanced Leveling & Concrete Solutions*, 268 So.3d 1044 at 1046 (emphasis added).

In *Volion v. Baker Heritage, Inc.*, 97-92, pp. 2-3 (La.App. 5 Cir. 5/28/97), 695 So.2d 1038, the fifth circuit found that a workers' compensation judgment decreeing that the claimant was "entitled to Workers' Compensation Benefits," was not an appealable judgment, and it dismissed the appeal, stating: "While the judgment in the instant case establishes the entitlement of the claimant to worker's compensation benefits, it does not indicate the type or amount of those benefits." The fifth circuit, quoting language from the supreme court, further recognized:

> Neither the Code of Civil Procedure nor the Worker's Compensation Act contemplate appeals from limited findings of hearing officers such as involved in this case. Ordinarily, appeals are from final judgments. LSA–C.C.P. Art. 2083. LSA–C.C.P. Arts. 1915A(5) and 1562 allow separate trials on the issues of "liability and damages" and an appeal from a judgment on the issue of liability when that issue has been tried separately by the court. These provisions, however, do not apply to worker's compensation actions, which do not precisely involve "liability and damages.". . .

> LSA-R.S. 23:1310.5 contemplates an appeal from a final decision by the hearing officer upon completion of the required evidentiary hearing or hearings. Piecemeal appeals go counter to the new worker's compensation procedures which are designed to allow the hearing officer to "decide the merits of the controversy as equitably, summarily and simply as may be." LSA–R.S. 23:1317(A).

*Id.*, *quoting, Smith v. UNR Home Products,* 614 So.2d 54, 54-55 (La.1993).

5

In *Richard v. Quality Construction & Production, LLC*, 19-567, p. 5 (La.App. 3 Cir. 10/28/20), 306 So.3d 516, 520, *writ denied*, 20-1378 (La. 1/26/21), 309 So.2d 344, this court found that a workers' compensation court's judgment awarding "all medical expenses . . . pursuant to La.R.S. 23:1081(13), not subject to the Louisiana Fee Schedule, together with a penalty of $2000, and an attorney fee of $10,000 for failure to pay any sums under this provision" was not a valid final judgment in that it did not contain appropriate decretal language. In so holding, this court further noted: "[T]he judicial interest on each claim begins accruing on a different date. The medical expenses must be specifically ordered so that interest can be correctly calculated." *Id.* at 521, *quoting Spires v. Raymond Westbrook Logging,* 43,690, p. 9 (La.App. 2 Cir. 10/22/08), 997 So.2d 175, 181, *writ denied,* 08-2771 (La. 2/20/09), 1 So.3d 495.

Similarly, in the instant case, the workers' compensation court's judgment awards Batiste with "medical benefits" and "supplemental earnings benefits from April 21, 2017[,] to date[,]" without setting forth the amounts awarded. Because the amount of the damages awarded is not determinable from the judgment itself,[3] we find that the judgment is not a final judgment over which we have appellate jurisdiction as it does not contain appropriate decretal language.

---

[3] Even if it were permissible to look to extrinsic documents to discern the lower court's ruling, the amount of benefits awarded by the workers' compensation court is unclear from the record. While Batiste argues on appeal that the workers' compensation court's judgment should be based upon 66 2/3 % of his average weekly wage, there is no indication as to what was awarded. In addition, Batiste complains of twelve separate instances of MT's alleged failures to provide and/or pay for medical treatment, yet the amounts claimed were disputed at trial as not being related to the work accidents and/or not properly submitted for payment. With respect to medical benefits, the workers' compensation court stated in its oral reasons for ruling that "claimant was recalcitrant in his dealings with the employer," claimant acted in a way that "stymie[d]" the ability to get him back to work by failing to comply with physical therapy, and "[c]laimant alleges that medical treatment was denied to him when in fact . . . that is not true. Claimant failed to attend the physical therapy that was provided to him and insisted on seeing an orthopedist[.]"

## DECREE

For the reasons set forth above, Batiste's appeal of the workers' compensation court's January 9, 2020 judgment is dismissed. All costs in this matter are assessed to Timothy Batiste.

**APPEAL DISMISSED.**