STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

**2025 CA 0149**

APRIL MARKIEWICZ, WIFE OF/AND MARK MARKIEWICZ

VERSUS

SUN CONSTRUCTION, L.L.C., PENN MILL LAKES, L.L.C., AND COOPER
ENGINEERING, INC., A PROFESSIONAL ENGINEERING CORPORATION

<u>CONSOLIDATED WITH</u>

**2025 CA 0413**

JANET SHEA, WIFE OF/AND ALPHONSE SHEA

VERSUS

SUN CONSTRUCTION, L.L.C., SUNRISE CONSTRUCTION AND
DEVELOPMENT, L.L.C., PENN MILL LAKES, L.L.C., [AND] COOPER
ENGINEERING, INC., A PROFESSIONAL ENGINEERING CORPORATION

<u>CONSOLIDATED WITH</u>

**2025 CA 0414**

PATRICIA GRANT, WIFE OF/AND RICHARD GRANT; ET AL.,
INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY
SITUATED

VERSUS

SUN CONSTRUCTION, L.L.C., PENN MILL LAKES, L.L.C., SUNRISE
CONSTRUCTION AND DEVELOPMENT, L.L.C., AND COOPER
ENGINEERING, INC., A PROFESSIONAL ENGINEERING CORPORATION

JUDGMENT RENDERED: **SEP 1 9 2025**

* * * * * * *

Appealed from the Twenty-Second Judicial District Court
In and for the Parish of St. Tammany • State of Louisiana
Docket Nos. 2006-16084 c/w 2008-10737 c/w 2008-11536 • Division "I"

The Honorable Reginald T. Badeaux, III, Judge Presiding

* * * * * * *

| | |
|---|---|
| Adam S. Lambert<br>New Orleans, Louisiana<br>and<br>Maurice Le Gardeur<br>Covington, Louisiana | COUNSEL FOR PLAINTIFF/<br>APPELLANT - Penn Mill Lakes<br>Homeowners' Association, Inc. |
| Thomas P. Anzelmo<br>P. Sinnott Martin<br>New Orleans, Louisiana | COUNSEL FOR DEFENDANT/<br>APPELLEE - St. Tammany Parish<br>Government |

* * * * * * *

BEFORE: MILLER, EDWARDS, AND FIELDS, JJ.

**MILLER, J.**

This putative class action arose out of three consolidated lawsuits brought by homeowners in the Penn Mill Lakes Subdivision ("the Subdivision"), located in St. Tammany Parish, against builders, developers, and others, alleging defects in the design and construction of the drainage system of the Subdivision and seeking to recover damages from flooding allegedly caused by those defects.[1] This litigation has spanned nearly two decades. At this juncture, plaintiff-appellant, Penn Mill Lakes Homeowners' Association, Inc. ("the HOA"), appeals a judgment in favor of defendant-appellee, St. Tammany Parish Government ("STPG"), which denied and dismissed the HOA's petition for an alternative writ of mandamus. Because the trial court did not allow the introduction of any evidence at the mandamus hearing, the HOA proffered the only evidence before us. Considering the proffered evidence, we find the HOA failed to establish that STPG owes a specific ministerial duty regarding the maintenance and operation of the Subdivision's retention ponds/lakes/drainage system, such as would allow for the issuance of a writ of mandamus. For the reasons below, we hereby affirm the trial court's judgment denying the writ and dismissing the petition for mandamus.

## I. FACTS AND PROCEDURAL HISTORY

In these consolidated proceedings, the plaintiffs filed suit, alleging in part that the defective design, construction, and planning of the drainage system caused flooding in the Subdivision. Markiewicz v. Sun Construction, L.L.C., 2020-1211 (La. App. 1st Cir. 6/22/21), 328 So. 3d 487, 490-91, writ granted, cause remanded, 2021-01073 (La. 11/23/21), 328 So. 3d 66, and writ denied, 2021-01071 (La. 11/23/21), 328 So. 3d 803. The HOA was added as a plaintiff in the fourth amended petition for damages. STPG, James A. "Red" Thompson, a St. Tammany Parish Councilman; and Jean M. Thibodeaux, P.E., the Director of Engineering and Parish

---

[1] The record on appeal does not establish certification of the class.

2

Engineer for STPG (collectively "the STPG defendants"); were named as defendants in subsequently-filed amended class action petitions. Markiewicz, 328 So. 3d at 491 n.3 and n.4. The plaintiffs alleged that the STPG defendants knew the Subdivision would flood unless certain regulations and ordinances were complied with, and further alleged that the STPG defendants knew the developer did not comply. Id. at 492. In response, the STPG defendants filed an answer, denying liability and asserting various affirmative defenses. Id.

Thereafter, the plaintiffs filed a motion for partial summary judgment on whether the Subdivision ponds/lakes were subject to a public servitude of drainage in favor of the Parish, such that the Parish was responsible for its upkeep, maintenance, and operation. STPG responded with a cross-motion for partial summary judgment seeking judgment declaring that the HOA, as opposed to the STPG, was the owner of and solely responsible for the operation and maintenance of the drainage retention ponds/lakes in the Subdivision. Id. at 492-93.

The trial court granted the cross-motion for partial summary judgment filed by STPG with respect to the ownership of the drainage ponds/lakes, declaring that the HOA was the owner of the drainage ponds/lakes, that the drainage ponds/lakes had not been accepted into maintenance by the STPG, and that the HOA was responsible for the operation and maintenance of the drainage ponds/lakes in the Subdivision. Id. at 493. The trial court dismissed all of the plaintiffs' claims against the STPG defendants with prejudice.[2] Id.

Plaintiffs appealed, challenging the trial court's rulings. Id. This court found the following facts regarding the drainage ponds were undisputed:

---

[2] The STPG defendants also filed a motion for summary judgment on the issue of discretionary immunity, seeking the dismissal of the plaintiffs' claims of conspiracy, fraud, and unfair trade practices against the STPG defendants. The trial court granted the motion for summary judgment filed by the STPG defendants with respect to immunity for discretionary acts and dismissed the plaintiffs' claims against Mr. Thompson and Mr. Thibodeaux. Id. at 492-93. On appeal, this court affirmed that portion of the trial court's ruling. Markiewicz, 328 So. 3d at 499.

The Subdivision has several retention ponds/lakes, all of which were man-made by the developer ... and that plan was approved by the STPG. Most of the retention ponds/lakes were created from the Horse Branch Tributary, which was also known as Parish Lateral 23-DW4-12. Parish Lateral 23-DW4-12 was an existing natural drainage channel running through the property, it connected to other publicly owned drainage ways and/or drainage servitudes, and it had previously had maintenance work performed on it by the STPG. Parish Lateral 23-DW4-12 was thus incorporated into the drainage and retention system of the Subdivision. Presently, the Subdivision's ponds retain drainage water from rainfall within the Subdivision and surrounding area and the ponds/lakes connect to or accept water from other publicly-owned drainage ways and/or drainage servitudes. The ponds/lakes were designed and intended to be an integral part of the Subdivision's drainage system. The developer intended to dedicate the retention ponds/lakes to the public (or to the STPG) and the ponds/lakes were designed and constructed according to STPG specifications ....

...

On December 31, 2007, the developer transferred the ownership of the Subdivision's "undeveloped 'green space' and/or 'common areas' " to the HOA, and the survey of the greenspace for the Subdivision reflects that the ponds/lakes are part of the greenspace.

Markiewicz, 328 So. 3d at 501-02.

Thus, this court found it was undisputed that the HOA is the owner of the greenspace in the Subdivision, including the ponds/lakes. Markiewicz, 328 So. 3d at 502. This court concluded, however, that "regardless of ownership," genuine issues of material fact precluded summary judgment in favor of either the plaintiffs or STPG regarding the responsibility "for operating and/or maintaining the ponds/lakes, whether the ponds/lakes are an integral part of the Subdivision's drainage system, and whether there is a pre-existing drainage servitude in favor of [STPG] with respect to the ponds/lakes." Id. This court further reasoned as follows:

Thus, although the HOA may be the owner of the greenspace, including the ponds/lakes, there is an issue of fact as to whether, prior to the transfer of the lakes/ponds to the HOA, there was a pre-existing drainage servitude in favor of the STPG which could not be extinguished by changing the parish drainage lateral into a drainage retention pond/lake. Furthermore, although the developer of the Subdivision intended to but did not accomplish a formal dedication of the drainage retention ponds/lakes to the STPG or otherwise comply with the requirements of [an applicable subdivision ordinance] in order to formally dedicate the ponds/lakes to the STPG, there is an issue of

4

fact as to whether the developer's failure to do so was the decision of the developer or done at the direction of the STPG, and whether a dedication by other means, *i.e.*[,] implied, statutory, or tacit, was accomplished. Lastly, we note that there is documentation that the STPG represented to the HOA that the drainage system for the Subdivision, of which the ponds/lakes are an integral part, had been accepted into the STPG maintenance, and thus, an issue of fact as to whether the STPG should be estopped from taking a position adverse to its representation to the HOA.

Markiewicz, 328 So. 3d at 503.

For these reasons, this court affirmed that portion of the trial court's judgment, which denied the plaintiffs' motion for partial summary judgment against STPG and granted the STPG's cross motion for partial summary judgment, declaring that the HOA owns the ponds/lakes in the Subdivision. Id. This court reversed that portion of the trial court's judgment granting STPG's cross-motion for partial summary judgment, which had declared that the HOA is responsible for the operation and maintenance of the ponds/lakes and/or drainage system/servitude. Id.[3]

In March 2023, the HOA filed a petition for an alternative writ of mandamus, naming STPG as defendant. Based on the litigation to date and an updated drainage

---

[3] The Patricia Grant, *et al.* plaintiffs filed an application for a writ of certiorari, which the Louisiana Supreme Court denied. Markiewicz v. Sun Construction, L.L.C., 2021-01071 (La. 11/23/21), 328 So. 3d 80. The STPG defendants filed an application for a writ of certiorari, which the Louisiana Supreme Court granted in part. Markiewicz v. Sun Construction, L.L.C., 2021-01073 (La. 11/23/21), 328 So. 3d 66. In a *per curiam* opinion, the Supreme Court remanded the matter to this court, stating:

> The matter is remanded [to] the court of appeal solely to clarify whether it intended to affirm the trial court's ruling granting [STPG's] motion for summary judgment on the issue of discretionary immunity as to all defendants, including [STPG]. In all other respects, the writ is denied.

Markiewicz, 328 So. 3d at 66.

On remand, this court clarified that the portion of the trial court's judgment granting the motion for summary judgment filed by the STPG defendants on the issue of discretionary immunity was affirmed and judgment was rendered dismissing with prejudice the plaintiffs' claims against STPG, Mr. Thompson, and Mr. Thibodeaux based on conspiracy, fraud, and unfair trade practices. Markiewicz v. Sun Construction, L.L.C, 2020-1211-R (La. App. 1st Cir. 3/23/22), 342 So. 3d 333, 336. However, reasoning that because the trial court erred in dismissing the plaintiffs' claims regarding STPG's alleged responsibility for maintaining the ponds/lakes and/or drainage system/servitude, this court specifically excluded STPG from the decree of dismissal, clarifying that the portion of the trial court's judgment dismissing STPG from the suit was reversed. Id. at 335-36.

study prepared by Matthew L. Allen,[4] the HOA prayed for a judgment in its favor holding that STPG has a ministerial duty to assume full responsibility and expense for the "perpetual upkeep, maintenance, and operation" of the Subdivision retention ponds/lakes and the Subdivision drainage system.

STPG opposed the HOA's petition for an alternative writ of mandamus, urging that mandamus relief is improper as STPG owes no ministerial duty. STPG contended that the HOA has not cited any authority to support the proposition that STPG lacks discretion and must accept responsibility for maintenance and operation of the drainage ponds/lakes. Further, STPG urged the HOA is not entitled to mandamus relief because the HOA may attempt to obtain the relief requested through ordinary proceedings.

On April 9, 2024, the trial court held a hearing regarding the mandamus. In denying relief, the trial court reasoned, in part, "since the ... operation and maintenance of the ponds are still in factual dispute, it's much more than a ministerial duty to impose upon [STPG] ... maintenance and operation of those ponds." The trial court found the matter could not be corrected by a writ of mandamus and denied the HOA's petition.

On April 30, 2024, the trial court signed a judgment denying the HOA's petition for alternative writ of mandamus. The HOA appealed that judgment. On June 17, 2025, this court issued an interim order, remanding this matter to the trial court for the purpose of inviting the court to correct certain deficiencies in the April 30, 2024 judgment in accordance with Louisiana Code of Civil Procedure Articles 1918, 1951, and 2088.[5] On July 15, 2025, the trial court signed an amended judgment

---

[4] Mr. Allen's report is attached as an exhibit to the HOA's petition for alternative writ of mandamus and was proffered at the hearing. According to an affidavit attached to the proffered report, Mr. Allen is a certified Flood Plain Administrator.

[5] The June 2025 interim order stated that the April 30, 2024 judgment on appeal did not "contain sufficient language identifying the name of the party in whose favor the relief is awarded or the name of the party against whom the relief is awarded." The interim order further noted that while

6

in favor of STPG, denying and dismissing the HOA's petition for an alternative writ of mandamus.[6]

On appeal, the HOA argues the trial court erred: 1) in denying the petition for alternative writ of mandamus by refusing to hear and decide this case when it was presented for trial on April 9, 2024; and 2) by failing to consider the exigent circumstances related to the deplorable and unsafe condition of the Subdivision's drainage system before denying the requested relief.

## II. DISCUSSION

### A. Evidence Presented During the April 9, 2024 Hearing

On appeal, the HOA urges the trial court "refused to decide the case before it on the merits and summarily denied [its] petition." The HOA asserts the trial court should have reviewed the facts previously found by this court and the exigent circumstances that require public action, as presented in Mr. Allen's proffered

---

the April 30, 2024 judgment denied the petition for alternative writ of mandamus, the judgment did not contain "any language dismissing any claims or the petition."

[6] The July 15, 2025 judgment corrected the deficiencies noted in the interim order, and thus we maintain this appeal. The amended judgment expressly awards judgment in favor of STPG. From reading the judgment as a whole, we can discern the judgment is rendered against the HOA, who is the sole plaintiff in this mandamus proceeding and the only plaintiff that participated in the mandamus hearing; the judgment identified counsel for the HOA and STPG in the body of the judgment, clarifying these were the parties involved in the mandamus proceeding. See Settoon v. Morales, 2019-0122 (La. App. 1st Cir. 9/27/19), 288 So. 3d 126, 131 n.2; Welch v. Planning and Zoning Comm. of East Baton Rouge Parish and 2590 Associates, LLC, 2018-0197 (La. App. 1st Cir. 5/19/19), 280 So. 3d 204, 210, writ denied, 2019-01276 (La. 10/21/19), 280 So. 3d 1169. Further, the judgment specifically denies the HOA's alternative writ of mandamus and expressly dismisses the HOA's petition for alternative writ of mandamus.

We further note that although the judgment further specified it "does not constitute a final judgment for purposes of [Louisiana Code of Civil Procedure article] 1841[,]" this provision is not determinative of this court's jurisdiction. See Fla. Gas Transmission Co., LLC v. Texas Brine Co., LLC, 2015-1331, p. 10 (La. App. 1st Cir. 12/22/16), 2016 WL 7407344, *3. Under Louisiana law, a final judgment is one which determines the merits of a controversy, in whole or in part. La. C.C.P. art. 1841; Marquez v. Jack Ussery Const., 2006-1852 (La. App. 1st Cir. 6/8/07), 964 So. 2d 1045, 1048, writ denied, 2007-1404 (La. 10/12/07), 965 So. 2d 400. The denial of a request for a writ of mandamus is an appealable judgment. LA Contracting Enter., LLC v. S. Lafourche Levee Dist., 2024-0272 (La. App. 1st Cir. 12/20/24), 404 So. 3d 898, 902.

After the record was supplemented with the trial court's July 15, 2025 amended judgment, the HOA filed a motion to strike with this court, arguing this amended judgment should be stricken because the trial court failed to comply with this court's interim order and La. Dist. Ct. Rule 9.5 and alleging the amended judgment contains an illicit and substantive change to the original April 30, 2024 judgment. Finding no merit in the HOA's motion to strike, we hereby deny the HOA's motion.

report. The HOA contends the trial court "had overwhelming evidence" to support mandamus relief included within Exhibit D-1 attached to the HOA's Petition for Mandamus, the Addendum to a Comprehensive Study by Mr. Allen, which report was proffered during the trial court's April 9, 2024 hearing. The HOA contends it proved the "public nature" of the Subdivision drainage channel, which included the Parish-approved retention ponds. STPG urges the trial court held a hearing on the requested mandamus, the hearing transcript is part of the record, and the HOA is merely dissatisfied with the outcome of the hearing.

During the hearing, the HOA's counsel referenced Mr. Allen's report and his testimony. Counsel for the HOA stated, "I would submit that Mr. Allen's testimony will essentially be the exact same thing that's in his report. But if we want to put him on the stand, we have him prepared to do that." STPG's counsel argued the expert report had "no place in an action that is a mandamus." When the HOA's counsel again referenced Mr. Allen's report, STPG's counsel objected to its introduction. Ultimately, the trial court allowed counsel to proffer Mr. Allen's testimony. At that juncture, the HOA's counsel proffered only Mr. Allen's report, not his testimony, again stating that "his testimony would be exactly what's in his report."[7] The HOA neither called any witnesses nor offered (or proffered) any other evidence.

As noted above, the HOA contends Mr. Allen was prepared to testify at the mandamus hearing regarding the history of the Parish Drainage Lateral 23-DW4-12/Horse Branch Lateral and the exigent circumstances requiring immediate action by STPG. To the extent the HOA failed to proffer Mr. Allen's testimony, however, it is precluded from complaining of the exclusion of his testimony on appeal. See La. C.C.P. art. 1636; La. C.E. art. 103(A)(2); Kinnett v. Kinnett, 2022-01246 (La.

---

[7] The proffered report contained both "A Sworn Comprehensive Study of Parish Drainage Lateral 23-DW4-12 A.K.A[.] 'Horse Branch Lateral' " and an Addendum to that study, addressing the conditions of the Subdivision drainage system as of February 20, 2023.

9/20/22), 345 So. 3d 1020, 1021 n.1 (*per curiam*), citing McLean v. Hunter, 495 So. 2d 1298, 1305 (La. 1986). The purpose of requiring a proffer is to preserve excluded evidence so the testimony or evidence is available for appellate review. McClean, 495 So. 2d at 1305.

Louisiana Code of Civil Procedure article 2592(6) provides that a summary proceeding may be used for trial of a mandamus proceeding.[8] Nevertheless, during trial, the court should take evidence, hear testimony, and make factual findings regarding the matter presented. See Marshall v. West Baton Rouge Parish Fire Protection Dist. No. 1, 2008-1576 (La. 1/9/09), 998 So. 2d 85 (*per curiam*). Here, the trial court heard no testimony and did not allow the introduction of any evidence. Although genuine issues of material fact remained after the summary judgment proceedings, the trial of the mandamus was an opportunity to resolve those issues. Because the trial court failed to allow the introduction of evidence, the trial court committed error. Id.

Because the trial court failed to allow the introduction of evidence at the mandamus hearing, this court could remand this matter to the trial court for further proceedings. Id. However, as a general rule, when the trial court makes evidentiary errors that are prejudicial and the record is otherwise complete, the appellate court will conduct its own *de novo* review of the record. See Gorman v. Miller, 2012-0412 (La. App. 1st Cir. 11/13/13), 136 So. 3d 834, 841 (*en banc*), writ denied, 2013-2909 (La. 3/21/14), 135 So. 3d 620. Here, because the record is complete through the HOA's proffer of Mr. Allen's report, this court is able to conduct a *de novo* review of the record, including the proffered evidence, to render a decision. See Turner v.

---

[8] Here, STPG raised no objection in accordance with Louisiana Code of Civil Procedure article 926(A) to the use of a summary proceeding within the already-pending ordinary proceeding. Louisiana Code of Civil Procedure article 926(B) provides, "All objections which may be raised through the dilatory exception are waived unless pleaded therein." See Normand v. Wal-Mart.com USA, LLC, 2019-002263 (La. 1/29/20), 340 So. 3d 615, 622 n.16.

Moreau, 2024-0946, p. 14 (La. App. 1st Cir. 7/3/25), ___ So. 3d ___, ___, 2025 WL 1851565, *7.

## B. Entitlement to Mandamus Relief

The HOA acknowledges that a portion of the drainage system containing the retention ponds was transferred by the Subdivision developer to the HOA for perpetual upkeep and maintenance. The HOA asserts, however, that Mr. Allen's report proved the "public nature" of the Subdivision drainage channel, which the Subdivision ponds "enhance," and that the maintenance of the ponds is a *"public, ministerial,* and non-discretionary responsibilit[y]" of the STPG. Based on Mr. Allen's photographic evidence, the HOA submits it has established exigent circumstances that leave no discretion for its petition to be denied. The HOA contends no formal dedication of the ponds was necessary to hold STPG responsible for the continued maintenance of the existing public drainage servitude.

In response, STPG asserts it owes no ministerial duty. STPG maintains that genuine issues of material fact remain regarding which party is responsible for the operation and maintenance of the ponds and that the HOA's alleged "exigent circumstances" do not "transform a disputed factual issue into a ministerial duty ripe for mandamus." Moreover, STPG asserts that "[f]orcing [it] to assume the maintenance and operation of the drainage ponds/lakes is far more than a mere ministerial duty [that] cannot be compelled through a writ of mandamus, regardless of any alleged exigent circumstances."

Mandamus, codified in La. Code of Civil Procedure article 3862, *et seq.*, is an extraordinary remedy, to be applied where ordinary means fail to afford adequate relief. Hoag v. State, 2004-0857 (La. 12/1/04), 889 So. 2d 1019, 1023. A writ of mandamus is directed at a public officer to compel the performance of a ministerial duty required by law. Lowther v. Town of Bastrop, 2020-01231 (La. 5/13/21), 320 So. 3d 369, 371. A ministerial duty is a simple, definite duty arising under conditions

admitted or proved to exist, and imposed by law. Id. The remedy of mandamus is not available to command performance of an act that contains any element of discretion, however slight. Cent. Cmty. Sch. Bd. v. E. Baton Rouge Par. Sch. Bd., 2008-0036 (La. App. 1st Cir. 6/6/08), 991 So. 2d 1102, 1107-08, writs denied, 2008-1480, 2008-1538 (La. 12/12/08), 997 So. 2d 561. The public official to whom the writ is directed may exercise no element of discretion "when complying." Hoag, 889 So. 2d at 1024. A ministerial duty is one that is so clear and specific that no element of discretion can be exercised in its performance; if a duty requires the exercise of judgment and discretion by the public officer, it is not ministerial for purposes of a cause of action for mandamus. Hiers v. DuFreche, 2012-1132, p. 9 (La. App. 1st Cir. 10/24/13)(on rehearing) (per curiam), 2013 WL 8445626, *4 (unpublished).

In the present case, the HOA asserts, "the existing public servitude was never extinguished, modified[,] or relocated to exclude public drainage which flows through the [Subdivision] system." Mr. Allen's original report, entitled "A Sworn Comprehensive Study of Parish Drainage Lateral 23-DW4-12 A.K.A[.] 'Horse Branch Lateral,'" states that "the public drainage servitude within [the Subdivision], which antedated the development, has always been an important public Parish drainageway[,] which is still functioning as such." The addendum to his report addresses the condition of the Subdivision's drainage system on February 20, 2023. Referencing photographic evidence of the condition of the ponds within the Subdivision drainage system, Mr. Allen's report states, "These photographs show a representation of the instability of the pond banks and the immediate dangers to life and property caused by the excessive erosion." It further states, "The drainage system was, is now, and always has been a critical public servitude conveying not only water from [the Subdivision] but also St. Tammany Parish runoff from properties outside of the Subdivision." The addendum concludes, in pertinent part as follows:

The photographs ... illustrate the current condition and need for immediate attention and repair of the ponds compromising the [Subdivision] Public Drainage System. The erosion has produced dangerous areas for residents creating four to five foot drop off adjacent to greenspaces and the walking/bike path in addition to causing the collapse of the path in places.

The large amount of erosion is causing sedimentation of the ponds, reducing their ability to function as designed and creating dangerous situations for the residents of [the Subdivision]. The loss of storm water storage increases the flood risk within and outside the Subdivision. The erosion areas near the walking path and greenspaces pose a falling hazard for unaware residents and people who use [t]he area at night....

It is my opinion that immediate action must be taken to repair the most degraded parts of the system starting with the berms and collapsing banks for the safety of the residents. Sediment removal and reconstruction of pond bottoms must be done to lessen the risk of flooding in [the Subdivision] and surrounding community. Armoring of the pond banks is essential for the long term [sic] viability of [the Subdivision].

Based on the evidence, the HOA seeks an order directing STPG to assume full responsibility and expense for the perpetual upkeep, maintenance, and operation of the Subdivision's retention ponds/lakes, as well as the entire Subdivision's drainage system.

Here, we do not determine whether the HOA has established that a delay in obtaining ordinary relief may cause injustice due to exigent circumstances caused by the condition of the drainage system or whether STPG is legally responsible for maintenance of the Subdivision's drainage system. We pretermit discussion of these issues because we conclude the HOA has not established that STPG owes a specific ministerial duty to the HOA that is subject to mandamus relief. Mr. Allen's report references repairing berms, removing sediment, reconstructing pond bottoms, and armoring of pond banks. The HOA has not established that the performance of these tasks would obviate an evaluation of the scope of necessary work and decisions regarding the manner and/or order in which the work should be done. See Schmill v. St. Charles Parish, 96-894 (La. App. 5th Cir. 3/12/97), 692 So.2d 1161, 1166. We cannot compel performance of any act that would entail any such elements of

discretion. Based on the evidence before us, we cannot identify with the requisite specificity the acts required to make the writ peremptory.

If the evidence proves an obligation on the part of STPG, the evidence does not identify, with the required specificity, how STPG is to satisfy that obligation. We do not say here that the HOA could not, or did not, prove that STPG had a legal responsibility to "operate/maintain" the ponds/lakes and/or the drainage system. Such a finding is not necessary considering our resolution of this appeal.[9]

## III. CONCLUSION

For these reasons, we affirm the trial court's amended July 15, 2025 judgment in favor of defendant-appellee, St. Tammany Parish Government ("STPG") and against the plaintiff-appellant, Penn Mill Lakes Homeowners' Association, Inc., which denied and dismissed the petition for an alternative writ of mandamus. Appeal costs are assessed against plaintiff-appellant, Penn Mill Lakes Homeowners' Association, Inc.

**MOTION TO STRIKE DENIED; JUDGMENT AFFIRMED.**

---

[9] In the proceedings below, the HOA also prayed for the trial court to render a judgment holding that the trial court's judgment "denying plaintiffs' motion for partial summary judgment ... be reversed[.]" On appeal, the HOA now urges the Louisiana Supreme Court's partial writ denial in 2021 converted previous findings of the appellate court to "the law of the case."

We find no merit in this argument. We note however that the denial of an initial motion for summary judgment does not bar the filing of a second motion for summary judgment. The denial of a motion for summary judgment is an interlocutory judgment, which the trial court may change at any time up to a final judgment. Saizan v. Pointe Coupee Parish School Bd., 2010-0757 (La. App. 1st Cir. 10/29/2010), 49 So. 3d 559, 563-64, writ denied, 2010-2599 (La. 1/14/11), 52 So. 3d 905. Likewise, the denial of a writ application for supervisory review of an interlocutory judgment does not bar reconsideration of, or a different conclusion on, the same question when an appeal is taken from a final judgment. Bozarth v. State LSU Med. Ctr./Chabert Med. Ctr., 2009-1393 (La. App. 1st Cir. 2/12/10), 35 So. 3d 316, 323. But here, the HOA did not file a second motion for summary judgment on the issue of which party was responsible for the operation and maintenance of the drainage retention ponds/lakes in the Subdivision. The only matter before the trial court was the petition for an alternative writ of mandamus.